The STATE OF OHIO, Appellee,

v.

WELLS, Appellant.

[Cite as *State v. Wells* (1996), 110 Ohio App.3d 275.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

No. 95APA10–1346.

Decided April 4, 1996.

*Michael Miller,* Franklin County Prosecuting Attorney, and *Joyce S. Anderson,* Assistant Prosecuting Attorney, for appellee.

*Judith M. Stevenson,* Franklin County Public Defender, and *Allen V. Adair,* Assistant Public Defender, for appellant.

LAZARUS, Judge.

Defendant-appellant, Dean J. Wells, appeals from a judgment of the Franklin County Court of Common Pleas denying his motion for dismissal of the criminal charges against him. We affirm for reasons that follow.

This case is before this court for the second time. The complete history of this case and an overview of the Interstate Agreement on Detainers ("IAD"), R.C. 2963.30, are reported in *State v. Wells* (1994), 94 Ohio App.3d 48, 640 N.E.2d 217 (*"Wells I "*).

On February 1, 1991, appellant was indicted on three counts of aggravated robbery, three counts of robbery, and one count of theft. At the time, appellant was imprisoned in California on an unrelated conviction, and the Hilliard Police Department transmitted a detainer to California prison officials. Appellant mailed a request for speedy trial pursuant to IAD, Article III(a), properly addressing the envelope to the "FRANKLIN CO. DA" (the Franklin County Prosecutor). However, on July 24, 1991, the United States Postal Service misdelivered appellant's IAD request to the Columbus City Attorney's Office, where an employee signed the return receipt. On March 8, 1993, appellant filed a motion for dismissal of the indictment, arguing that he had not been brought to trial within one hundred eighty days of delivery of his IAD request as required by IAD, Article V(c). The trial court eventually overruled the motion, and on July 1, 1993, appellant was convicted on all seven counts.

On prior appeal, we held that appellant had made out a *prima facie* case of actual delivery to the Franklin County Prosecutor by virtue of the facts that his IAD request was sent by certified mail, return receipt requested, and that a signed receipt was returned to him. *Wells I,* 94 Ohio App.3d at 56, 640 N.E.2d at 222–223. However, because the prosecution claimed that the individual whose signature appears on the return receipt had never been employed by the Franklin County Prosecutor, we remanded the cause for a hearing to allow the prosecution the opportunity to substantiate its claim of nondelivery. Following a hearing on October 3, 1995, the trial court found that the Franklin County

Prosecutor did not have actual notice of appellant's IAD request. Appellant appeals from that finding, asserting one assignment of error:

"The Common Pleas Court erroneously determined that the Franklin County Prosecutor's Office did not have actual or constructive notice of appellant's demand for prompt disposition of charges pending in this county which were the subject of the detainer lodged against him while incarcerated in another state."

According to the testimony at the October 3, 1995 hearing, Andrea Little, who signed the return receipt for the IAD request on July 24, 1991, was and continues to be an employee of the Columbus City Attorney's Office. At the time, Little worked primarily in a computer room at the city attorney's office but filled in for the secretaries at the front desk every day at lunchtime. When working at the front desk, she would sign for deliveries and leave them on the secretaries' desks. Little was not familiar with the IAD and did not know of Kay Kawalec, who processed IAD requests for the Franklin County Prosecutor. Little signed the return receipt presented to her by an employee of the United States Postal Service in the space labeled "Signature (Agent)." She signed without thinking about the address, and she assumed that the postal service employee was delivering the envelope to the correct place.

The city attorney's office often received mail intended for other government departments, including the Franklin County Prosecutor. The normal practice was for the secretaries to sort the mail and place mail intended for other offices in a box dedicated to interdepartmental mail. Bonnie Finneran, who supervised the front desk at the city attorney's office, testified at the hearing as to her practice for handling mail intended for other departments, but she had no specific recollection of appellant's IAD request. Kawalec testified at the hearing that she was unaware of appellant's case until June 1992, when appellant filed his motion to dismiss. She also testified that she did not know of Little. There was no evidence presented as to what became of appellant's IAD request after it was received by Little.

Article III(a) of the IAD provides that, upon the request of a prisoner held in another state, the jurisdiction that filed the detainer must bring the prisoner to trial within one hundred eighty days of receipt of the request. The prisoner "shall be brought to trial within one hundred eighty days after he shall have caused to be delivered to the prosecuting officer and the appropriate court of the prosecuting officer's jurisdiction written notice of the place of his imprisonment and his request for a final disposition to be made of the indictment, information or complaint * * *." R.C. 2963.30, Article III(a).

The question of whether the Franklin County Prosecutor took delivery of appellant's IAD request is a question of fact. Reviewing courts accord a

presumption of correctness to trial courts' factual findings; the reviewing court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings. *Wisintainer v. Elcen Power Strut Co.* (1993), 67 Ohio St.3d 352, 355, 617 N.E.2d 1136, 1138–1139.

Appellant argues that the trial court's judgment must be reversed because the Franklin County Prosecutor had both actual and constructive notice of appellant's IAD request.

■ Appellant first argues that the Franklin County Prosecutor had actual notice of his IAD request because of the custom of the city attorney's office to forward misdelivered mail to the Franklin County Prosecutor. Appellant argues that because of this custom, the request was in all likelihood actually delivered to the prosecutor. It was the job of the trial court, not this court, to weigh the evidence and determine whether the Franklin County Prosecutor actually received the IAD request. The testimony of Kawalec, Little, and Finneran constitutes competent, credible evidence that the Franklin County Prosecutor did not actually receive the IAD request. The trial court was within its discretion in finding that this evidence outweighed the evidence to the contrary, including the inference that might be drawn from the customary mail-handling practices of the city attorney's office.

■ Appellant also argues that the Franklin County Prosecutor had actual notice of his IAD request because the prosecutor's agent took delivery of the IAD request. Appellant argues that even though Little was an employee of and was working in the office of the city attorney, she was impliedly authorized to receive mail ultimately destined for the Franklin County Prosecutor. In essence, appellant argues that Little was an agent of the Franklin County Prosecutor for purposes of receiving IAD requests. The only evidence to support this proposition is testimony that mail intended for the Franklin County Prosecutor often is mislabeled or misdelivered to the city attorney's office and as a courtesy is forwarded to the Franklin County Prosecutor. In light of the testimony before it, the trial court was within its discretion in finding that Little was not an agent of the prosecutor.

■ Appellant argues that the Franklin County Prosecutor had constructive notice of the IAD request, that is, constructively took delivery of the request, based on the close relationship between the prosecutor and the city attorney's office. Appellant relies on *State v. Crawford* (Jan. 16, 1996), Franklin App. No. 95APA07–864, unreported, 1996 WL 17463, for the propositions that the city attorney's office and the Franklin County Prosecutor have intertwined responsibilities, are departments of a single sovereign, and should be bound by each

other's acts and omissions. In *Crawford,* the trial court dismissed an indictment pursuant to R.C. 2941.401, which provides an analogous speedy trial right to those imprisoned in Ohio and have additional charges pending against them in Ohio. The defendant in *Crawford* was imprisoned in Ohio from March 8, 1991 to May 9, 1994, on a parole violation. During the interim, on April 24, 1991, he was indicted on another charge. Because he failed to appear at the arraignment, a capias was issued for his arrest. The defendant was not notified of the indictment until July 7, 1994, when he was arrested on the capias. The defendant had not been notified promptly because the prosecutor had relied upon an employee of the Bureau of Records Management at the Department of Rehabilitation and Corrections, who incorrectly reported that the defendant was not imprisoned in Ohio. We affirmed the trial court's decision that, although the prosecutor had been diligent, another state employee had not, and that it was the state as a whole, not the prosecutor, which owed an implied duty of reasonable diligence under R.C. 2941.401 to promptly notify the defendant of the indictment.

Appellant argues that, as the Franklin County Prosecutor was bound by the conduct of the Department of Rehabilitation and Corrections for the purpose of notifying the accused of an indictment as required by R.C. 2941.401, the Franklin County Prosecutor should be bound by the conduct of the Columbus City Attorney's office for the purpose of speedy trial requests under the IAD. We decline to apply appellant's analogy for three reasons.

First, *Crawford* does not stand for the proposition that every county prosecutor is bound by the acts and omissions of every political subdivision of the state of Ohio. The oversight in *Crawford* was committed by an employee of the state; the oversight in this case was committed by an employee of either a municipal corporation or the federal government.

Second, although the language of paragraph one of R.C. 2941.401 mirrors that of IAD, Article III(a), the two statutes have different theoretical bases. A detainer is merely " 'a request filed by a criminal justice agency with the institution in which a prisoner is incarcerated, asking either to hold the prisoner for the agency or to notify the agency when release of the prisoner is imminent.' " *Reed v. Farley* (1994), 512 U.S. 339, 342, 114 S.Ct. 2291, 2294, 129 L.Ed.2d 277, 284, fn.1 (quoting *Carchman v. Nash* [1985], 473 U.S. 716, 719, 105 S.Ct. 3401, 3403, 87 L.Ed.2d 516, 520); *Fex v. Michigan* (1993), 507 U.S. 43, 44–45, 113 S.Ct. 1085, 1087, 122 L.Ed.2d 406, 411; *Cuyler v. Adams* (1981), 449 U.S. 433, 436, 101 S.Ct. 703, 706, 66 L.Ed.2d 641, 646–647, fn. 3. "The detainer itself does nothing to affect the prosecution of an inmate. Filing a detainer is an informal process which does not bind the authorities to act." *Ridgeway v. United States* (C.A.6, 1977), 558 F.2d 357, 360, certiorari denied (1978), 436 U.S. 946, 98 S.Ct. 2850, 56 L.Ed.2d 788. Although courts have read R.C. 2941.401 as creating

an implied duty on the part of the state to promptly notify prisoners of pending indictments, the IAD creates no such duty.[1] That duty was the basis of the decision in *Crawford, supra,* to bind the prosecutor by the mistake of another state employee. We decline to apply a rule of agency applicable to a state's duty under a state statute in the context of receipt of an IAD request when that duty does not even exist under the IAD.

 Third, constructive notice or constructive delivery of the IAD request is insufficient to trigger the one-hundred-eighty-day speedy trial period:

" * * * We hold that the 180–day time period in Article III(a) of the IAD does not commence until the prisoner's request for final disposition of the charges against him has *actually been delivered* to the court and prosecuting officer of the jurisdiction that lodged the detainer against him. * * * " (Emphasis added.) *Fex, supra,* 507 U.S. at 52, 113 S.Ct. at 1091, 122 L.Ed.2d at 416.

In *Fex,* the trial began one hundred seventy-seven days after the prosecutor received the IAD request. However, the prison officials had held the request for fifteen days before forwarding it to the prosecutor, and the inmate argued that the one-hundred-eighty-day period began to run when he submitted the request to the prison officials. It is true that the issue in *Fex* is different from the issue in this case. The holding of *Fex* addresses the issue of which event triggers the one-hundred-eighty-day period; the issue in this appeal is whether that event has occurred. Nevertheless, we find *Fex* to be persuasive authority that constructive delivery is insufficient to trigger the one-hundred-eighty-day period in Article III(a) of the IAD. In light of *Fex,* we also reject appellant's "substantial compliance" argument, which relies on *State v. Ferguson* (1987), 41 Ohio App.3d 306, 535 N.E.2d 708.

There is competent and credible evidence to support the trial court's finding that the Franklin County Prosecutor did not take delivery of appellant's request for final disposition of the indictment so as to trigger the one-hundred-eighty-day period in IAD, Article III(a). Appellant's assignment of error is, therefore, not well taken.

For these reasons, appellant's assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.

*Judgment affirmed.*

PEGGY BRYANT and DESHLER, JJ., concur.

---

1. R.C. 2941.401 is merely a state statute, which Ohio courts have the ultimate authority to interpret. Because the IAD is a congressionally sanctioned interstate compact under the Compact Clause of Section 10, Article I of the United States Constitution, its interpretation presents a question of federal law. *Cuyler, supra,* 449 U.S. at 436–444, 101 S.Ct. at 706–709, 66 L.Ed.2d at 647–650.