OPINION
This matter presents a timely appeal from a decision rendered by the Youngstown Municipal Court, Mahoning County, Ohio, granting the motion to dismiss filed by defendant-appellee, Marlon McDonald, pursuant to R.C. 2941.401.
On April 30, 1991, a complaint was filed in the Youngstown Municipal Court charging appellee with felonious assault in violation of R.C. 2903.11 (A) (2). A subsequent complaint was filed against appellee on July 23, 1991, charging him with aggravated murder in violation of R.C. 2903.01 (B). Appellee was thereafter convicted on unrelated criminal charges and began serving a term of incarceration at the Allen Correctional Institution in Lima, Ohio on November 1, 1991.
In July of 1996, appellee completed the necessary forms pursuant to R.C. 2941.401, to request final disposition of the charges pending against him for felonious assault and aggravated murder. Said request was then served upon the Mahoning County Prosecuting Attorney and the Mahoning County Common Pleas Clerk of Court by certified mail on July 15, 1996.
By correspondence dated July 16, 1996, the Allen Correctional Institution received notification from the chief deputy clerk for the Mahoning County Common Pleas Court that the subject criminal charges against appellee were pending in the Youngstown Municipal Court. In accordance with such notice, the Allen Correctional Institution then caused appellee's request to be served upon the Youngstown Municipal Court by certified mail on July 22, 1996.
Additionally, on September 26, 1996, the office of the Mahoning County Prosecuting Attorney sent notice to the Youngstown Municipal Prosecutor's Office of appellee's request, along with a copy of the related documentation. A subsequent notification was sent from the office of the Mahoning County Prosecuting Attorney to the Youngstown Municipal Prosecutor's Office on April 22, 1997, regarding the filing of appellee's motion to dismiss.
On July 1, 1997, a preliminary hearing was held before the trial court on the charges of aggravated murder and felonious assault. Appellee was appointed counsel and an oral motion was made to dismiss the pending charges on the grounds that plaintiff appellant, State of Ohio, had failed to comply with the speedy trial provisions set forth in R.C. 2941.401. On July 3, 1997, a hearing was held on appellee's motion. Following the presentation of arguments and documentation by both parties, the trial court determined that it lacked jurisdiction in this case pursuant to R.C. 2941.401, granted appellee's motion to dismiss and found the criminal complaints against him to be void, with prejudice.
Appellant's sole assignment of error on appeal alleges:
 "THE TRIAL COURT ERRED IN GRANTING THE MOTION TO DISMISS PURSUANT TO O.R.C. 2941.041 (sic)."
Appellate review of a trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. (See, State v. Kuhn
(June 10, 1998), Ross App. No. 97 CA 2307, unreported; State v.Pilgrim (Jan. 28, 1998), Pickaway App. Nos. 97CA2 and 97CA4, unreported). Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. An appellate court must independently review, however, whether the trial court properly applied the law to the facts of the case. (See, Kuhn; Pilgrim; State v. Woltz (Nov. 4, 1994), Ross App. No. 93CA1980, unreported). Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. (See,Brecksville V. Cook (1996), 75 Ohio St.3d 53, 57; State v. Miller
(1996), 113 Ohio App.3d 606, 608)
R.C. 2941.401 governs the time within which the State must bring an incarcerated defendant to trial. State v. Logan (1991),71 Ohio App.3d 292, 296. R.C. 2941.401 provides, in relevant part:
 "When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment thereis pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter, * * *.
 "The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.
 "The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.
"* * *
 "If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice."
Before a defendant may avail himself of the speedy trial safeguards of R.C. 2941.401, "he first must show that he delivered written notice to both the prosecuting attorney and the appropriate court, stating his place of imprisonment and a request that there be a final disposition of the case." State v.Turner (1982), 4 Ohio App.3d 305, 306.
The trial court in the case at bar heard arguments from appellee's defense counsel and from counsel for appellant concerning whether appellant was in compliance with R.C. 2941.401
in bringing appellee to trial within one hundred eighty days. Counsel for appellant stated that the Youngstown Municipal Prosecutor's Office was not provided with a copy of appellee's request for final disposition by certified mail. (Tr. 6, 9). Counsel for appellant further denied having any knowledge that appellee was seeking final disposition of the charges against him essentially, prior to the hearing before the trial court. (Tr. 8). However, the trial court specifically noted that notice was received by the Clerk for the Youngstown Municipal Court and that such notice was by certified mail. (Tr. 9).
Counsel for appellee offered that notice was sent to the Youngstown Municipal Court after the Allen Correctional Institution received correspondence from the deputy clerk for the Mahoning County Common Pleas Court, indicating that the charges pending against appellee were in the Youngstown Municipal Court. Counsel for appellee maintained that such action in serving the Youngstown Municipal Court with notice was indicative of appellee's attempt to rectify any incorrect procedure. (Tr. 10).
The trial court further noted that notice of appellee's request for final disposition was, in fact, received by the Mahoning County Prosecutor's Office. In this vein, the trial court stated:
 "NOW, SINCE THIS IS A FELONY CASE, JURISDICTION WOULD LIE WITH THE COURT OF — EXCUSE ME — WITH THE COUNTY PROSECUTOR, WHO IS IN CHARGE BY STATUTE, WHICH IS APPOINTED TO PROSECUTE ALL OF THESE CASES ONCE THEY WERE SERVED NOTICE.
 "IF THEY KNEW THE CASE WAS OVER HERE, SHOULD THEY IN FACT HAVE NOTIFIED THE CITY PROSECUTOR, THEY'RE COUNTY SINCE AN ARM OF THE PROSECUTOR?" (Tr. 16).
Counsel for appellant then interjected that as far as he knew, the Youngstown Municipal Prosecutor's Office had not been notified by either the Mahoning County Prosecutor's Office or the Mahoning County Common Pleas Clerk that appellee was seeking final disposition of the charges in question pending against him. (Tr. 17)
The trial court resolved this issue by offering:
 "AT LEAST THE COUNTY PROSECUTOR'S OFFICE, WHO PROBABLY WOULD HAVE A DUTY IN THE FURTHERANCE OF JUSTICE TO AT LEAST CONTACT SOMEBODY IN YOUR OFFICE TO AT LEAST BEGIN PROCEEDINGS, * * * I THINK IT'S INCUMBENT UPON YOU TO SHOW THAT THEY WERE NEVER SERVED, RATHER THAN IT BEING INCUMBENT ON THE DEFENDANT, * * *. TO SHOW THAT THEY DID IN FACT SERVE THE CITY PROSECUTOR." (Tr. 17).
The question of whether the Youngstown Municipal Prosecutor's Office took delivery of appellee's request for final disposition from either the Mahoning County Prosecutor's Office or the clerk for the Youngstown Municipal Court is a question of fact. (See.State v. Wells (1996), 110 Ohio App.3d 275). "Reviewing courts accord a presumption of correctness to a trial court's factual findings; the reviewing court should not substitute its judgment for that of the trial court where some competent and credible evidence supports the trial court's factual findings." Wells,supra at 278-279, citing to Wisintainer V. Elcen Power Strut Co.
(1993), 67 Ohio St.3d 352, 355.
Appellant argues that under R.C. 2941.401, the statutory time for bringing a defendant to trial on pending charges does not begin to run until the proper prosecuting attorney receives notice of a request from such defendant for trial on pending charges. Appellant contends that appellee failed to request that notice be sent to the appropriate prosecuting attorney, that being the Youngstown Municipal Prosecutor's Office.
Appellant maintains that the time pursuant to R.C. 2941.401
should not begin to run from the day upon which the Mahoning County Prosecutor's Office was served with appellee's request for final disposition, as it was not the proper prosecuting attorney in this matter and therefore, notice was not properly delivered to the Youngstown Municipal Prosecutor's Office. Appellant suggests that the time did not begin to run in this case until appellee appeared with counsel in the Youngstown Municipal Court on July 1, 1997.
Appellant refers to Wells, supra, wherein the court, citing toFex v. Michigan (1993), 507 U.S. 43. held that the one hundred eighty day time period under the Interstate Agreement on Detainers (lAD), as set forth in R.C. 2963.30, does not commence until actual delivery is made of the request for final disposition to the court and prosecuting officer of the jurisdiction which lodged the detainer against the defendant in question. R.C. 2963.30 is analogous to R.C. 2941.401 in that the provisions therein mirror the language in the first paragraph of R.C. 2941.401.
Appellant also argues that appellee did not substantially comply when he requested that notice be sent from the warden of Allen Correctional Institution to the Mahoning County Prosecutor's Office and the Mahoning County Common Pleas Court Clerk. Appellant therefore reiterates that appellee's request for final disposition was defective as appellee failed to cause such notice to be sent to the appropriate prosecuting attorney in the Youngstown Municipal Prosecutor's Office.
Substantial compliance is all that is required of a defendant under R.C. 2941.401. (See State V. Ferguson (1987), 41 Ohio App.3d 306). However, appellant points to State v. York (1990)66 Ohio App.3d 149, wherein the court reiterated the holding in Ferguson, supra which found that a defendant substantially complies with the TAD (which again is similar in language to R.C.2941.401) by doing everything which could reasonably be expected to inform the court of his speedy trial request. in York, the court held that a defendant's letter to the clerk of court, which was not directed to the prosecuting attorney or prison officials and was not accompanied by a certificate of inmate status, did not substantially comply with R.C. 2963.30. Specifically, the court in York, supra noted at 154: "* * * `Therefore, even when the statute is liberally construed so as to effectuate its purposes, we find that the procedural method outlined is essential * * *'" (Citation omitted).
It is appellant's contention that in all felonies committed in the City of Youngstown, the initial jurisdiction of the case falls within the purview of the Youngstown Municipal Court. Therefore, appellant avers that the appropriate prosecuting attorney at all stages before indictment, information or complaint on felonies is the Youngstown Municipal Prosecutor's Office. Appellant argues that R.C. 2941.401 clearly states that a defendant must cause the warden to send notice to the appropriate prosecuting attorney and the appropriate court."
Appellant maintains that appellee was not able to show that he caused notice to be sent to the Youngstown Municipal Prosecutor's Office from the Allen Correctional Institution. Appellant urges that a defendant cannot be permitted under R.C. 2941.401 to execute service by certified mail upon the wrong prosecuting body and still obtain the benefit of a dismissal with prejudice of all pending charges against him.
Although having argued at the hearing before the trial court that no notice was received from the Mahoning County Prosecutor's Office concerning appellee's request for final disposition, appellant now asserts on appeal that the correspondences from the Mahoning County Prosecutor's Office to the Youngstown Municipal Prosecutor's Office regarding the within matter were not sufficient to show that appellee caused his request for final disposition to be delivered to the proper prosecuting attorney and court pursuant to R.C. 2941.401. Appellant states that appellee should not be permitted to claim the benefit of a statute simply because another person, in this case, a representative from the Mahoning County Prosecutor's Office, sent notice of his request. Appellant urges that R.C. 2941.401
specifically requires a defendant to send notice of his request for final disposition by certified or registered mail from the penal institution in which he is located to the proper prosecuting attorney.
Appellant concludes that appellee did not meet his burden under R.C. 2941.401 and did not substantially comply with the statute. As such, appellant states that the trial court erred in granting appellee's motion to dismiss the pending charges against him, with prejudice.
Appellant's interpretation in this matter is not supported by the plain language of R.C. 2941.401. By its very nature, a speedy trial statute, such as R.C. 2941.401, must be strictly construed against the State. (See Miller, supra) Furthermore, "[t]he State is prohibited from engaging in practices which undercut the intent and purposes of the speedy trial statutes." Miller, supra
at 609 citing to State v. Lee (1976), 48 Ohio St.2d 208, 209; other citations omitted. Additionally, R.C. 1.42 requires that the words utilized in a statute be interpreted according to their common meaning and usage.
The first paragraph of R.C. 2941.401, refers to notice being delivered to "the prosecuting attorney and the appropriate court." The plain meaning of these words indicates that there is only one prosecuting attorney since the article "the" denotes singularity.
Appellant has relied solely upon the language contained in the second paragraph of R.C. 2941.401 which refers to "the appropriate prosecuting attorney and court." However, appellant has failed to address the wording in the first paragraph of R.C.2941.401 and has failed to advance any contrary definition of prosecuting attorney to that which was offered by appellee.
The obvious and stated purpose of R.C. 2941.401 is to bring a defendant "to trial within one hundred eighty days." Since appellee was charged with felony crimes, it was the county prosecuting attorney alone who had the authority to bring him to trial on a felony charge. Therefore, it was only reasonable that appellee's request for final disposition pursuant to R.C.2941.401 be served upon the prosecuting attorney in the county in which the charges were pending against him.
Nonetheless, any error on appellee's part in serving the Mahoning County Prosecutor's Office was corrected as notice of his request for final disposition, although not specifically directed to the attention of the Youngstown Municipal Prosecutor's Office, was sent by certified mail to the Youngstown Municipal Court and verification of receipt was dated July 22, 1996. Additionally, on September 26, 1996, notice was sent from the Mahoning County Prosecutors Office to the Youngstown Municipal Prosecutor's Office which included a copy of appellant's request for final disposition and related documents. Even if the running of time pursuant to R.C. 2941.401 began on July 22, 1996, with the delivery of appellee's request for final disposition to the Youngstown Municipal Court by certified mail, appellant still failed to bring him to trial within the one hundred eighty day time period. Furthermore, we must again note that contrary to appellant's original contention before the trial court that it had no notice from the Mahoning County Prosecutor's Office regarding appellee's request for final disposition, the two correspondences from the Mahoning County Prosecutor's Office directed to the Youngstown Municipal Prosecutor's Office defy such assertion. Appellant now acknowledges on appeal that these correspondences were received by the Youngstown Municipal Prosecutor's Office and ineffectively attempts to argue that such notice was not sufficient. Therefore, it is clear that appellee substantially complied with the dictates of R.C. 2941.401 and the trial court properly granted his motion to dismiss the charges in question which were pending against him.
Based upon the record and transcript of proceedings, we find that there was competent and credible evidence to support the trial court's implicit finding that the Youngstown Municipal Prosecutor's Office received sufficient notice of appellee's request for final disposition.
Appellant's sole assignment of error on appeal is found to be without merit.
The judgment of the trial court is affirmed.
Donofrio, J. concurs.
Vukovich, J., concurs.
APPROVED:
 ___________________________________ EDWARD A. COX, PRESIDING JUDGE