The STATE of Ohio, Appellee,

v.

MILLER, Appellant.

[Cite as *State v. Miller* (1996), 113 Ohio App.3d 606.]

Court of Appeals of Ohio,
Eleventh District, Portage County.

No. 94–P–0020.

Decided Aug. 19, 1996.

*Victor V. Vigluicci,* Portage County Prosecuting Attorney, for appellee.

*Peter O. Stackelberg,* for appellant.

NADER, Judge.

This is an appeal from a criminal conviction entered in the Portage County Court of Common Pleas.

On July 20, 1993, appellant, Bruce Lee Miller, was indicted on two counts of complicity to aggravated trafficking in drugs, a third degree felony, in violation of

R.C. 2925.03(A)(1), (C)(1), (H)(4) and 2923.03(A)(2). Each count carried a specification that appellant had previously been convicted of or pled guilty to an offense of violence in violation of R.C. 2929.11(B)(6) or (7), 2929.11(G) and 2941.143. At the time of his indictment, appellant was imprisoned on a separate conviction. Appellant was served with the warrant on the indictment on August 13, 1993. On August 16, 1993, appellant was arraigned and entered a plea of not guilty to the charges.

The trial court entered an order on December 16, 1993 continuing the trial, which was originally scheduled for December 7, 1993. The trial was subsequently rescheduled for March 8, 1994. On March 8, 1994, appellant filed a motion to dismiss, which alleged in part that the state had failed to comply with R.C. 2941.401. Trial commenced on March 8, 1994. On the same date, the state requested a nolle prosequi as to the second count of the indictment, which was journalized by the trial court on March 17, 1994. On March 9, 1994, the trial court entered an order which denied appellant's motion to dismiss and found appellant guilty of the charge and specification, in accordance with the jury's verdict. Appellant was sentenced to three to ten years' imprisonment, to run consecutively to the term of imprisonment he is currently serving. The trial court further imposed a mandatory fine of $2,500. Appellant appealed, asserting the following as error:

"1. The trial court erred, to the prejudice of the appellant, by denying the appellant's motion to dismiss the indictment, with prejudice.

"2. The jury's verdict convicting the appellant of the crime of complicity to commit aggravated trafficking was against the manifest weight of the evidence and must be reversed.

"3. The trial court's refusal to order a continuance for the purpose of the appellant acquiring new legal counsel was prejudicial error mandating reversal when appellant and his counsel jointly requested appointment of new counsel and it was conditionally granted."

In appellant's first assignment of error, it is argued that the trial court erred in denying appellant's motion to dismiss on the basis of R.C. 2941.401. We agree.

R.C. 2941.401 provides:

"When a person has entered upon a term of imprisonment in a correctional institution of this state, and when during the continuance of the term of imprisonment there is pending in this state any untried indictment, information, or complaint against the prisoner, he shall be brought to trial within one hundred eighty days after he causes to be delivered to the prosecuting attorney and the appropriate court in which the matter is pending, written notice of the place of his imprisonment and a request for a final disposition to be made of the matter,

except that for good cause shown in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance. The request of the prisoner shall be accompanied by a certificate of the warden or superintendent having custody of the prisoner, stating the term of commitment under which the prisoner is being held, the time served and remaining to be served on the sentence, the amount of good time earned, the time of parole eligibility of the prisoner, and any decisions of the adult parole authority relating to the prisoner.

"The written notice and request for final disposition shall be given or sent by the prisoner to the warden or superintendent having custody of him, who shall promptly forward it with the certificate to the appropriate prosecuting attorney and court by registered or certified mail, return receipt requested.

"The warden or superintendent having custody of the prisoner shall promptly inform him in writing of the source and contents of any untried indictment, information, or complaint against him, concerning which the warden or superintendent has knowledge, and of his right to make a request for final disposition thereof.

"Escape from custody by the prisoner, subsequent to his execution of the request for final disposition, voids the request.

"If the action is not brought to trial within the time provided, subject to continuance allowed pursuant to this section, no court any longer has jurisdiction thereof, the indictment, information, or complaint is void, and the court shall enter an order dismissing the action with prejudice.

"This section does not apply to any person adjudged to be mentally ill or who is under sentence of life imprisonment or death, or to any prisoner under sentence of death."

Initially, we note that speedy trial statutes are to be strictly construed against the state. *State v. Floyd* (Oct. 25, 1979), Cuyahoga App. No. 39929, unreported, citing *State v. Gray* (1964), 1 Ohio St.2d 21, 30 O.O.2d 12, 203 N.E.2d 319.

It has been held:

"Before a defendant, imprisoned on another charge, can avail himself of R.C. 2941.401, he must first show that he delivered written notice to both the prosecuting attorney and the appropriate court, stating his place of imprisonment and requesting that there be a final disposition made of his case; thereafter, defendant must be brought to trial within one hundred eighty days." *State v. Turner* (1982), 4 Ohio App.3d 305, 4 OBR 556, 448 N.E.2d 516, paragraph two of the syllabus.

R.C. 2941.401 was construed in *State v. Fitch* (1987), 37 Ohio App.3d 159, 524 N.E.2d 912, syllabus:

"Pursuant to R.C. 2941.401, the warden or superintendent having custody of a prisoner shall promptly inform him in writing of the source and contents of untried indictments known to the warden or superintendent, and of the prisoner's 'right to make a request for final disposition thereof.' Absent such advice, the state cannot rely upon the prisoner's failure to make demand for speedy disposition of the pending indictment but must count the one-hundred-eighty-day time period as commencing upon the first triggering of the state's duty to give notice of the right to make demand for speedy disposition."

Additionally:

"Although section 2941.401 does not explicitly require the state to give notice of an indictment to an accused who is incarcerated on a different charge, the statute would have no meaning if the state could circumvent its requirements by not sending notice of an indictment to the warden of the institution where the accused is imprisoned.

"The state is prohibited from engaging in practices which undercut the intent and purposes of the speedy trial statutes. *State v. Lee* (1976), 48 Ohio St.2d 208, 209 [2 O.O.3d 392, 392–393, 357 N.E.2d 1095, 1096]; *State v. Pudlock* (1975), 44 Ohio St.2d 104, 106 [73 O.O.2d 357, 358, 338 N.E.2d 524, 525–526]; *State v. Reeser* (unreported, Aug. 2, 1979), Eighth Appellate District Case No. 38802, slip op. at 3–4. Thus, we hold that the state cannot avoid the requirements of § 2941.401 by neglecting or refusing to send a copy of the indictment to the warden of the accused's institution of incarceration. Nevertheless, we are cognizant that the state may be unaware that an indictee is already imprisoned on a different charge, and therefore conclude that the state meets its burden under § 2941.401 if it exercises 'reasonable diligence' to discover if the indictee is imprisoned within the state." (Footnote omitted.) *Floyd* at 2. See, also, *State v. Carter* (June 30, 1981), Franklin App. No. 80AP–434, unreported, 1981 WL 3318.

■ In the instant case, it is clear that appellant was incarcerated on another charge at the time the instant indictment was filed against him. It is also clear that the state had knowledge that appellant was so incarcerated, as the information sheet, dated July 20, 1993, provided to the sheriff when the warrant was issued, listed appellant's address as the "Lorain Correctional." This sheet stated that the information was provided by the prosecutor's office.

However, there is nothing in the record which indicates that the indictment was sent to the warden. Furthermore, there is nothing in the record which indicates that the warden received notice of the indictment or that the warden informed appellant of the indictment and his right to make a request for final disposition

pursuant to R.C. 2941.401. As previously stated, appellant's burden of making a request for final disposition does not devolve upon him until he is notified by the warden of the pending charges. The state cannot circumvent the application of R.C. 2941.401 by failing to notify the warden of the pending charges, where, as here, the state clearly knew that the accused was imprisoned in this state. Thus, appellant's contention that the state failed to comply with the provisions of R.C. 2941.401 is well taken.

It has been held that an indictment need not be dismissed for failure to comply with the provisions of R.C. 2941.401 where the accused was not prejudiced by the failure and was brought to trial within the proper time limits. See *State v. Logan* (1991), 71 Ohio App.3d 292, 593 N.E.2d 395. In making this determination, we note that R.C. 2941.401 provides that "for good cause shown, in open court, with the prisoner or his counsel present, the court may grant any necessary or reasonable continuance." In the instant case, the trial court entered an order continuing the case due to the number of cases on its docket on December 16, 1993. The case was reset for March 8, 1994, the date it was actually heard. However, the record does not reflect that this order was entered in open court, with either the prisoner or his counsel present, as specifically required by R.C. 2941.401. While we may question the appropriateness of that requirement, we are bound to follow the plain language of the statute. Thus, the time during which the case was continued counts against the state.

No other motions were filed which would toll the running of the statute for more than one day. Because appellant was not tried until one and one-half months after the one-hundred-eighty-day limit had expired, we cannot hold that appellant was not prejudiced by the state's failure to comply with R.C. 2941.401. As a result, the indictment must be dismissed. Appellant's first assignment of error is well taken.

Appellant's second and third assignments of error have been rendered moot by our disposition of the first assignment of error, and thus will not be addressed in this opinion. See App.R. 12(A)(1)(c).

In accordance with the foregoing, the judgment of the trial court is hereby reversed, and the action against appellant is hereby dismissed with prejudice.

*Judgment reversed.*

FORD, P.J., and JOSEPH E. MAHONEY, J., concur.