CITY OF OREGON, Appellee,

v.

KOHNE, Appellant.

[Cite as *Oregon v. Kohne* (1997), 117 Ohio App.3d 179.]

Court of Appeals of Ohio,
Sixth District, Lucas County.

No. L–96–199.

Decided Jan. 10, 1997.

*Thomas Dugan,* for appellee city of Oregon.

*Lorin Zaner*, for appellant Harold D. Kohne.

*Per Curiam.*

This is an accelerated appeal from the Oregon Municipal Court. The sole assignment of error is:

"The trial court erred by denying defendant's motion to dismiss, thus violating his constitutional right to a speedy trial."

■ The case was submitted to this court on an agreed statement of facts and on the docket and journal entries in this case. The standard of review in a speedy trial appeal is quite simple. The court merely counts the days chargeable to either side and determines whether the case was tried within the time limits set by R.C. 2945.71.

The chronology of the relevant dates in this case is as follows:

6–2–95  Defendant arrested and charged with vehicular homicide, DUI, and having a passenger on the outside of the vehicle.

6–23–95  Defendant bound over to the grand jury on the vehicular homicide charge. DUI and passenger misdemeanor charges dismissed.

8–11–95  Grand jury returns a no bill on the vehicular homicide charge.

3–13–96  Misdemeanor charges refiled and defendant arraigned.

5–21–96  Motion to dismiss overruled. No contest plea entered. Defendant found guilty.

There were various filings between March 15, 1996 and May 21, 1996, and counsel have argued about how they should be charged in calculating the speedy trial time, but they are not relevant here. March 15th is the seventy-fifth day of the year, and May 21st is the one hundred forty-second, which is sixty-seven days. When one includes the time between June 2, 1995, the day of arrest, and June 23, 1995, the day the two misdemeanors were dismissed, this is twenty-one more days for a total of eighty-eight days. The speedy trial time for prosecution of these two misdemeanors is ninety days. Thus, even if all the days between arraignment on the refiled misdemeanors and the trial are charged against the state, there has been no denial of a speedy trial.

■ The only issue before this court is whether the days between June 24 and August 11, 1995, when the matter was pending before the grand jury, are chargeable against the speedy trial deadlines.

We find that they are.

The first paragraph in the syllabus in *State v. Broughton* (1991), 62 Ohio St.3d 253, 581 N.E.2d 541, provides:

"For purposes of computing how much time has run against the state under R.C. 2945.71 *et seq.*, the time period between the dismissal without prejudice of

an original indictment and the filing of a subsequent indictment, premised on the same facts alleged in the original indictment, shall not be counted *unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I).*" (Emphasis added.)

We emphasized that phrase in the above syllabus because this is the standard that the Supreme Court used in *Broughton*. In that opinion, the court surveyed some of its previous holdings on speedy trials. In *Westlake v. Cougill* (1978), 56 Ohio St.2d 230, 10 O.O.3d 382, 383 N.E.2d 599, it held that the time between the dismissal of a misdemeanor and its refiling is not chargeable to the speedy trial deadline. In *State v. Spratz* (1979), 58 Ohio St.2d 61, 12 O.O.3d 77, 388 N.E.2d 751, the same rule was applied to the *nolle* of a felony indictment and the date of reindictment. *Id.* at 62, 12 O.O.3d at 77, 388 N.E.2d at 752, fn. 2. In *State v. Bonarrigo* (1980), 62 Ohio St.2d 7, 16 O.O.3d 4, 402 N.E.2d 530, which is quoted in *Broughton,* the court laid out the underlying rationale for this line of cases. The court said that although a person who is under investigation but not subject to any formal charge may be anxious or apprehensive, he is no longer under any restraint and is free to come and go as he pleases. It is the formal charge that keeps the speedy trial clock running.

In this case, Kohne was under a formal charge of vehicular homicide, which was bound over to the grand jury; therefore, the time between the bindover and the no bill are chargeable against the speedy trial deadline.

Appellee relies solely on the case of *State v. Phillips* (1984), 19 Ohio App.3d 85, 19 OBR 169, 482 N.E.2d 1337, but we believe that case is not applicable here. In *Phillips,* the issue was how to calculate the time where a person is bound over on a felony charge but the grand jury returns a misdemeanor charge in the indictment, the problem being that the much shorter misdemeanor time limit may have almost, or even already, run. The court held that the time on the misdemeanor charge would run from the date of the indictment. To hold otherwise would put too great a burden on the prosecution, and actually harm defendants because it would place a premium on returning felony indictments. But even the *Phillips* court noted that the purpose of the speedy trial statute was, as in *Broughton,* "intended to minimize the restrictions on freedom and the general disruption of life caused by pending criminal charges." *Id.,* 19 Ohio App.3d at 86, 19 OBR at 171, 482 N.E.2d at 1338.

*Phillips* is unlike this case because Kohne was charged with two misdemeanors and one felony arising out, of the same event. The dismissal of the two misdemeanors did not result in the defendant's being free to come and go and under no restraint. Even in *Phillips,* the defendant was given full credit for all days when a charge was pending. Our decision here is in accord with the holding

of the Fourth District in *State v. DePue* (1994), 96 Ohio App.3d 513, 645 N.E.2d 745.

Based on the foregoing, Assignment of Error No. 1 is well taken. The judgment of the trial court is reversed, and defendant is ordered discharged. Costs of this appeal are assessed to appellee.

*Judgment reversed.*

HANDWORK, GLASSER and GREY, JJ., concur.

LAWRENCE GREY, J., retired, of the Fourth Appellate District, sitting by assignment.