OPINION
Defendant-appellant Jeffrey L. Brady appeals his convictions and sentences for two counts of Sexual battery and two counts of Gross Sexual Imposition. The State of Ohio is plaintiff-appellee.
 STATEMENT OF THE FACTS AND CASE
On November 15, 2001, Appellant was arrested and charged with one count of Sexual Battery, as to his step-daughter, which occurred as a continuing course of conduct between October 12, 2001, and October 14, 2001.
On November 17, 2001, the Urichsville Police Department executed a search warrant upon Defendant's home and seized certain property including pornographic videotapes, condoms, oils, lubricants, vibrators and photographs.
On January 16, 2002, the grand jury returned a fourteen count indictment against Appellant which included: two counts of Rape, two counts of Sexual Battery, two counts of Attempted Rape, two counts of Attempted Sexual Battery, four counts Gross Sexual Imposition, one count of Disseminating Materials Harmful to Children, and one count of Endangering Children.
On January 17, 2002, appellant was arraigned and pled not guilty to all charges.
On January 22, 2002, the trial court set bail in the form of a personal recognizance bond with the condition that appellant be subject to house arrest. Appellant never had the house arrest equipment installed and therefore was never transported to his home, remaining in the county jail instead.
On February 14, 2002, Appellant filed a Motion to Dismiss based on speedy trial rights.
On February 14, 2002, the trial court sustained Appellant's motion in part, dismissing counts three, four, seven and eight of the indictment relating to Sexual Battery and Attempted Sexual Battery and overruling the motion to the remaining counts, finding that Appellant was incarcerated between November 15, 2001 and January 16, 2002, on the singular count of Sexual Battery
Upon motion of the State, the trial court amended counts one and two of the indictment from the offenses of Rape to two counts of sexual battery.
Appellant entered a plea of "no contest" to these two charges and two counts of Gross Sexual Imposition and on April 1, 2002, was sentenced to an aggregate term of ten years incarceration.
Appellant timely appealed, assigning the following error:
 ASSIGNMENT OF ERROR
"The statutory time for all charges related back to the time of the original arrest date due to the police and prosecutor having knowledge of all charges. The defendant's convictions for these charges violate the Ohio and federal constitution speedy trial and statutory provisions."
 I.
In his sole assignment of error, appellant argues that the trial court erred by denying Appellant his speedy trial rights. We disagree.
Appellant was charged with sexual battery, a third degree felony. Pursuant to R.C. § 2945.71, the state is required to bring persons charged with felonies to trial within two hundred and seventy days. Each day spent in jail awaiting trial counts as three days. Because in the matter sub judice, appellant remained in jail pending trial, the trial court was required to bring the matter to trial within 90 days. This 90 day time limit can be tolled, or extended, pursuant to R.C. § 2945.72, however, such is not argued in the case at bar.
Speedy trial statutes are to be strictly construed against the State.State v. Miller (1996), 113 Ohio App.3d 606. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by statute governing time within which hearing or trial must be held. City of Oregonv. Kohne (1997), 117 Ohio App.3d 179.
With these rules in mind, we analyze the time within which appellant was brought to trial.
A review of the record in this matter reveals that Appellant was arrested on November 15, 2001, on one count of sexual battery.
The question for review in this case is when the time period for calculating a speedy trial started to run as to the fourteen counts in the grand jury indictment. The constitutional right to a speedy trial arises when a person becomes an `accused.' State v. Fitzgerald (March 3, 1994), Cuyahoga App. No. 76240, unreported, 1994 Ohio App. LEXIS 813, at 6 citing United States v. Marion (1971), 404 U.S. 307, 313,92 S.Ct. 455, 30 L.Ed.2d 468. A person becomes an accused when prosecution is initiated against him, either through `formal indictment or information or [by] the actual restraints imposed by arrest and holding to answer a criminal charge.' Id. citing Id. at 320.
When dealing with multiple indictments, the Supreme Court of Ohio has stated, in State v. Baker (1997), 78 Ohio St.3d 108, 111, 676 N.E.2d 883:
* * * [W]e find that in issuing a second indictment against the defendant, the state was not subject to the speedy-trial time limits of the original indictment, since the subsequent charges were based on new and additional facts which the state had no knowledge of at the time of the original indictment. Additional crimes based on different facts should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation.
When Appellant was initially arrested on November 15, 2001, he was charged only with a singular count of sexual battery for acts occurring between October 12, 2001 and October 14, 2001. Appellant argues that the State should have brought any and all charges as related to this victim on this date claiming that the State was in possession of all the information it needed to bring said charges at that time. Appellant therefore argues that his speedy trial time began to run as to all charges on that November 15, 2001 date.
The State argues that only those charges that related to the sexual battery charges occurring between October 12-14, 2001, relate back to the initial November 15, 2001 arrest date.
We agree with the State's position. At the time of the initial arrest, the State had not had time to investigate the myriad of offenses that were alluded to during the interviews with Appellant and his wife. Some of the statements of Appellant and his wife were similar but many of the statements made by Appellant's wife were denied by Appellant. The State therefore executed a search warrant to collect evidence in support of these statements. Based on further investigation and collection of evidence, the State determined that additional charges were warranted. These charges involved incidents which occurred on different dates and involved different acts than those charged on November 15, 2001. We therefore find that these charges should not be considered as arising from the same sequence of events for the purposes of speedy-trial computation.
Because appellant was brought to trial, or in this case entered pleas of no contest, within the time permitted by the statutes as referenced above, we find no speedy trial violation.
Appellant's sole assignment of error is overruled.
The judgment of the Tuscarawas County Court of Common Pleas is affirmed.
By: Boggins, J., Farmer, P.J. and Edwards, J. concur.
Topic: Water/Sewer Charges.