OPINION
{¶ 1} Defendant, appellant, William Barnett, appeals his convictions in the Fayette County Court of Common Pleas, for rape, kidnapping, and felonious assault. We affirm the convictions.
 {¶ 2} On June 1, 2001, appellant held Amber Fultz captive in his van, assaulting and raping her. She escaped when appellant stopped at a gas station. As a result, appellant was arrested on June 2, 2001. At the time, he was out on bond pending sentencing in another case. The bond in that case was revoked and appellant was held on both charges from June 7, 2001 forward.
 {¶ 3} A search warrant was obtained on June 5, 2001, permitting the state to collect hair and blood samples from appellant. The samples were submitted to BCII on June 6, 2001 for testing. On July 10, 2001 appellant made a discovery request. The state partially complied with the request on July 16, 2001. Discovery was completed on January 16, 2002 when the state provided appellant with the results of the DNA tests, which the state received on January 15, 2002. At a September 10, 2001 pretrial hearing, the matter was set for trial on January 15, 2002. Trial was later reset for March 6, 2002, upon the state's request for a continuance, as it did not expect to receive the DNA test results before the January 15, 2002 trial date, and one of its witnesses was unavailable on that date.
 {¶ 4} On March 5, 2002, appellant moved to dismiss the charges on speedy trial grounds. The trial court denied the motion and appellant subsequently pled no contest to rape, a violation of R.C. 2907.02, kidnapping, a violation of R.C. 2905.01, and felonious assault, a violation of R.C. 2903.11. He was sentenced accordingly. He now appeals his convictions, raising a single assignment of error:
 {¶ 5} "The trial court erred in overruling appellant's motion to dismiss the case."
 {¶ 6} In his assignment of error, appellant maintains that the charges against him should have been dismissed as his right to a speedy trial was violated.
 {¶ 7} Upon review of a speedy trial issue, this court is required to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C. 2945.71.Oregon v. Kohne (1997), 117 Ohio App.3d 179, 180; State v. DePue (1994),96 Ohio App.3d 513, 516, 645. Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. State v. High
(2001), 143 Ohio App.3d 232, 242; State v. Derrico, Warren App. No. CA2002-07-067, 2002-Ohio-6946, at ¶ 6. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. High at 242. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citing Brecksville v. Cook (1996),75 Ohio St.3d 53, 57, 1996-Ohio-171.
 {¶ 8} R.C. 2945.71(C)(2) states, in pertinent part, "A person against whom a charge of felony is pending * * * [s]hall be brought to trial within two hundred seventy days after the person's arrest." Appellant was arrested on June 2, 2001. Thus, to avoid violating Brown's rights under R.C. 2945.71, the state had to begin its case on or before February 17, 2002, within 270 days of Brown's arrest, unless events occurred which tolled the time limits. Appellant's motion to dismiss on speedy trial grounds was filed on March 5, 2002. This action itself tolled the speedy trial time until ruled upon by the court. State v.Bickerstaff (1984), 10 Ohio St.3d 62, 70. Thus, in the present case, the state was obliged to demonstrate that the speedy trial requirement had been tolled by at least sixteen days, the time that elapsed between February 17, 2002 and appellant's March 5, 2002 motion.
 {¶ 9} Upon review of the record, we find that appellant was brought to trial well within the statutory speedy trial limits. The time constraints of R.C. 2945.71 may be extended in certain circumstances. Relevant to the present case, R.C. 2945.72 states: "The time within which an accused must be brought to trial, or, in the case of felony, to preliminary hearing and trial, may be extended only by the following: * * * (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused[.]"
 {¶ 10} Appellant filed a discovery request on July 10, 2001. Although the state partially complied with the request on July 16, 2001, it was not able to provide full discovery until the DNA test results were returned from BCII on January 15, 2002. It is well-established that an accused's request for discovery is a tolling event pursuant to R.C.2945.72(E). State v. Brown, 98 Ohio St.3d 121, 2002-Ohio-7040, at ¶ 23; State v. Benge (Apr. 24, 2000), Butler App. No. CA99-05-095. Accordingly, appellant's discovery request tolled the speedy trial time until the state reasonably complied with the request.
 {¶ 11} As well, we find that the December 26, 2001 continuance granted the state is also a tolling event. R.C. 2945.72(H) provides that the time within which an accused must be brought to preliminary hearing and trial "may be extended by the period of any reasonable continuance granted other than upon the accused's own motion[.]" The trial court found that the state's request for a continuance was reasonable as it was premised, in part, on the absence of one of the state's key witnesses, police Sgt. Sears who was on vacation, and also in part on the state's assertion that DNA testing would not be completed by the trial date. Both of these assertions provide reasonable grounds for granting the continuance, again tolling the speedy trial time. See State v. Saffell
(1988), 35 Ohio St.3d 90 (continuance due to officer's being on vacation on the original trial date was not unreasonable); High,143 Ohio App.3d at 232 (continuance beyond speedy trial deadline reasonable in order to await results of DNA testing).
 {¶ 12} Because of these tolling events, appellant was brought to trial well within the statutory time limits. Consequently, the assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and POWELL, J., concur.