OPINION
{¶ 1} Appellant Marcus William Tyler appeals the decision of the Court of Common Pleas, Fairfield County, which overruled his motion to dismiss on speedy trial grounds. The relevant facts leading to this appeal are as follows.
 {¶ 2} On June 8, 2001, in the case sub judice, appellant was indicted by the Fairfield County Grand Jury on one count of robbery (felony 2), one count of failure to comply with the order or signal of a police officer (felony 3), and one count of failure to comply with the order or signal of a police officer (felony 4). These charges were based on an incident at a restaurant in Pickerington, Ohio and subsequent police chase across Route 256. Appellant was subsequently located in Indiana and arrested on said charges on September 20, 2001. The case was subsequently captioned as Fairfield County Case No. 01-CR-168 ("Fairfield-168").
 {¶ 3} Additionally, on June 20, 2001, appellant was indicted in Franklin County on one count of receiving stolen property, one count of possession of criminal tools, and one count of failure to comply with the order or signal of a police officer, case no. 01-CR-06-3560 ("Franklin-3560"). Also, on June 21, 2001, appellant was indicted in Franklin County, case no. 01-CR-06-3607 ("Franklin-3607"). That indictment was for six counts of robbery which were unrelated to Franklin-3560.
 {¶ 4} Appellant bonded out of the Franklin County Jail in both Franklin-3560 and Franklin-3607 on September 20, 2001. Upon his release from the Franklin County Jail, appellant was transferred to the Fairfield County Jail to face the charges in Fairfield-168. Bond in both Franklin-3560 and Franklin-3607 was subsequently surrendered on November 27, 2001. As of the date of the judgment entry under appeal in the case sub judice, the charges in both Franklin County cases remained pending. There were also detainers in place on appellant at that time from the State of Indiana and Delaware County, Ohio.
 {¶ 5} On October 12, 2001, appellant was indicted by the Fairfield County Grand Jury on two counts of attempt to commit murder, two counts of felonious assault on a police officer and one count of escape. This indictment arose out of an incident which occurred at the Fairfield County Jail on September 22, 2001. These charges were assigned Case No. 01-CR-315 ("Fairfield-315"). Appellant was arrested on those charges on October 15, 2001. Appellant subsequently filed a written plea of not guilty by reason of insanity, but was later found competent to stand trial.
 {¶ 6} On May 22, 2002, appellant filed a motion to dismiss in both the case sub judice (Fairfield-168) and in Fairfield-315, based upon R.C. 2945.71. Following hearings on same, the trial court denied the motions in both cases via entries filed June 13, 2002. Following his trial and conviction in Fairfield-315, appellant appealed the trial court's June 13, 2002 judgment entry denying his speedy trail motion to dismiss. Upon review, we affirmed the decision of the Fairfield County Court of Common Pleas in Fairfield-315. See State v. Tyler, Fairfield App. No. 02CA67, 2003-Ohio-3014. We agreed with the trial court's conclusion that the triple-count provision in R.C. 2945.71(E) would not apply because appellant was not being held solely on the Fairfield County charges. We therein opined that "[e]ligibility for bond does not equal release on bond." Id.
 {¶ 7} In the case sub judice, as hereinbefore noted, by way of a judgment entry filed June 13, 2002, the trial court denied appellant's motion to dismiss. On October 1, 2002, appellant entered pleas of no contest to the robbery count (absent the specification) and the failure to comply counts. Appellant was sentenced to four years for robbery, three years for failure to comply with the order of an officer, and one year on the second count of failure to comply with the order of an officer. The sentences were ordered to be served consecutively to each other and concurrent with the sentences in Fairfield-315. Appellant was also granted 300 days credit for jail time served.
 {¶ 8} Appellant timely appealed from the denial of his motion to dismiss, and herein raises the following sole Assignment of Error:
 {¶ 9} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS UNDER OHIO REVISED CODE SECTION 2945.73 FOR THE FAILURE OF THE STATE TO BRING THE APPELLANT TO TRIAL WITHIN THE TIME REQUIRED BY OHIO REVISED CODE § 2945.71."
 I. {¶ 1} In his sole Assignment of Error, appellant contends the trial court erred in denying his speedy trial motion to dismiss. We disagree.
 {¶ 2} The right to a speedy trial is encompassed within theSixth Amendment to the United States Constitution. The availability of a speedy trial to a person accused of a crime is a fundamental right made obligatory on the states through the Fourteenth Amendment. State v. Ladd
(1978), 56 Ohio St.2d 197; State v. Pachay (1980), 64 Ohio St.2d 218. Ohio's Speedy Trial statute codifies the constitutional guarantee of a speedy trial. Pachay, supra. Our initial task in reviewing a speedy trial issue is to count the days of delay chargeable to either side and determine whether the case was tried within the time limits set by R.C.2945.71. Oregon v. Kohne (1997), 117 Ohio App.3d 179, 180; State v.DePue (1994), 96 Ohio App.3d 513, 516. Our review of the trial court's decision regarding a motion to dismiss based upon a violation of the speedy trial provisions involves a mixed question of law and fact. Statev. McDonald (June 30, 1999), Mahoning App. Nos. 97CA146 and 97CA148. Due deference must be given to the trial court's findings of fact if supported by competent, credible evidence. Id. However, we must independently review whether the trial court properly applied the law to the facts of the case. Id. Furthermore, when reviewing the legal issues presented in a speedy trial claim, an appellate court must strictly construe the relevant statutes against the state. Id., citing Brecksvillev. Cook (1996), 75 Ohio St.3d 53, 57.
 {¶ 3} Appellant specifically contends dismissal of the indictments in the case sub judice was required on the grounds that he was not brought to trial within ninety days under the "triple-count" provision of R.C. 2945.71(E).[1] Appellant notes that on the final trial date of October 1, 2002, a total of 376 days had elapsed since the date of arrest. He further points out that the state did not dispute the passage of one-hundred twelve days during the proceedings below.
 {¶ 4} In State v. McDonald (1976), 48 Ohio St.2d 66, the Ohio Supreme Court held the triple-count provision found in R.C. 2945.71(D), presently captioned as R.C 2945.71(E), is applicable only to those defendants held in jail in lieu of bail solely on the pending charge. Thus, where a defendant alleges in a motion to dismiss that he was incarcerated solely on a pending charge, and then demonstrates that he was not brought to trial within the limits under the triple-count provision, he presents a prima facie case for discharge. State v. Butcher
(1986), 27 Ohio St.3d 28, 31. At that point, the burden of production shifts, such that the state becomes obligated to produce evidence demonstrating the defendant is not entitled to be brought to trial within the limits of R.C. 2945.71(E). Id. See, also, State v. Geraldo (1983),13 Ohio App.3d 27; State v. Johnson, Licking App. No. 02-CA-27,2002-Ohio-5102. This burden-shifting requirement " *** is but a special case of the general proposition that where the subject matter of a negative averment lies peculiarly within the knowledge of the other party, the averment is taken as true unless disproved by that party."State v. Gagaris (March 9, 2001), Clark App. No. 2000CA62, (citation omitted).
 {¶ 5} In the case sub judice, in response to appellant's motion to dismiss the indictment, the State called three witnesses. The first was Dorothy Karnes, manager of the Franklin County Clerk of Courts, Criminal Division. Karnes testified that appellant's bondsman surrendered bond in both Franklin-3560 and Franklin-3607 on November 27, 2001. She stated that bond surrenders generally take place either when a bonding company " *** feels that the defendant is not going to appear" or when the defendant faces other charges. Tr. at 6-7. A surrender of bond will cause a capias to be issued for said defendant's arrest. Tr. at 7. The colloquy between the assistant prosecutor and Karnes continued as follows:
 {¶ 6} "Q. After the bond was surrendered on November 27th of 2001, has the Defendant ever made bond on that particular charge?
 {¶ 7} "A. No.
 {¶ 8} "Q. So at least with respect to Case No. 3560, the Defendant is — if the Defendant is being held on Fairfield County charges, he's being held on at least one Franklin County charge also?
 {¶ 9} "A. Yes, that's correct." Tr. at 8.
 {¶ 10} Karnes also documented detainers against appellant from Delaware County and the State of Indiana. Tr. at 10.
 {¶ 11} The State then called its final two witnesses, both of whom are officers from the Fairfield County Sheriff's Office. The first, Sergeant John Rice, testified that the charges in Fairfield-315 were based on an attack by appellant on deputies at the jail, and were completely separate from the restaurant robbery charges in the case sub judice. Tr. at 17. Deputy Jeff Marvin thereafter reiterated that authorities in Franklin County, Delaware County, and Indiana had pending detainers on appellant. He then stated hypothetically that even if Delaware, Franklin, and Fairfield Counties would no longer wish to have appellant held in the Fairfield County Jail, his department would "still have to deal with Indiana." Tr. at 25. Marvin noted on cross-examination that the Indiana detainer was received by the Fairfield County Jail on September 24, 2001. Id. We note this would equate to just four days after appellant's arrest in the case sub judice.
 {¶ 12} Upon review of the record, we find that competent, credible evidence supports the trial court's conclusion that appellant was not being held in Fairfield County solely on the underlying charges in the case sub judice. Notwithstanding the impact of the bondsman's eventual surrender of the bond in Franklin County and the new charges against appellant in Fairfield-315, we hold the existence of the detainers from Delaware County and Indiana would alone equate to appellant being held on other charges for the purposes of McDonald, supra. Appellant's suggestion that, if he were released to Delaware County and Indiana, he "could [there] be released on bond to await trial," (Appellant's Brief at 9), is speculative at best. Hence, we conclude the trial court properly denied the application of the triple-count provision under the facts of this case.
 {¶ 13} Appellant's sole Assignment of Error is overruled.
 {¶ 14} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Fairfield County, Ohio, is hereby affirmed.
By: Wise, J., Gwin, P.J., and Farmer, J., concur.
[1] The statutory provision reads as follows: "(E) For purposes of computing time under divisions (A), (B), (C)(2), and (D) of this section, each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. This division does not apply for purposes of computing time under division (C)(1) of this section."