OPINION
{¶ 1} Defendant-appellant Douglas C. Osborne appeals his conviction and sentence entered by the Richland County Court of Common Pleas, on one count of robbery, in violation of R.C.2911.02 (A)(3), after the trial court found appellant guilty upon his entering a plea of no contest. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On June 8, 2004, appellant was arrested on a warrant for robbery in Shelby, Richland County, Ohio. Appellant appeared in the Shelby Municipal Court on June 9, 2004, and waived his rights to a preliminary hearing. Appellant posted bond and was released from jail. The trial court informed appellant of his arraignment scheduled for August 31, 2004. In late June, 2004, appellant was conveyed to the Ohio Department of Rehabilitation and Corrections to serve a sentence on a drug trafficking conviction out of Crawford County, Ohio. Appellant did not notify Richland County of his incarceration. On August 11, 2004, the Richland County Grand Jury indicted appellant on one count of aggravated robbery, in violation of R.C. 2911.01 (A)(1); and one count of robbery, in violation of R.C. 2911.02 (A)(3), in Richland County Common Pleas Case No. 2004-CR-0542-H. The trial court issued a Warrant to Arrest on Indictment on August 16, 2004.
 {¶ 3} On December 8, 2004, the Richland County Grand Jury indicted appellant on one count of escape in Richland County Common Pleas Case No. 2004-CR-980-A. While attempting to serve appellant with this Indictment, the State performed a search of Ohio records and located appellant in the Warren Correctional Institution. On January 4, 2005, appellant was served with on the Indictment in Case No. 2004-CR-980-A (escape). The Richland County Court of Common Pleas issued an Order to Convey. Appellant appeared before the trial court for his arraignment on Case No. 2004-CR-980-A on February 8, 2005. On the same day, appellant was served with the Indictment in Case No. 2004-CR-542-H (aggravated robbery and robbery).
 {¶ 4} On May 17, 2005, appellant filed a motion to dismiss pursuant to R.C. 2945.71. The State filed a motion in response thereto. Appellant's motion was denied. Appellant appeared before the trial court on June 2, 2005, withdrew his former pleas of not guilty, and entered pleas of no contest to one count of escape and one count of robbery. The State dismissed the aggravated robbery count. The trial court found appellant guilty, sentenced him to three years on each charge, and ordered the terms to run concurrently. The trial court memorialized appellant's conviction and sentence via two judgment entries filed June 7, 2005.
 {¶ 5} It is from his conviction and sentence for robbery in Case No. 2004-CR-542-H appellant appeals, raising as his sole assignment of error:
 {¶ 6} "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO DISMISS UNDER OHIO REVISED CODE § 2945.73 FOR FAILURE OF THE STATE TO BRING APPELLANT TO TRIAL WITHIN THE 270 DAYS REQUIRED BY OHIO REVISED CODE § 2945.71."
 I {¶ 7} In his sole assignment of error, appellant argues the trial court erred in denying his motion to dismiss on speedy trial grounds. We disagree.
 {¶ 8} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73
prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker, 78 Ohio St.3d 108,110, 1997-Ohio-229, 676 N.E.2d 883.
 {¶ 9} As relevant to the instant action, R.C. 2945.71(C)(2) requires a person, against whom a felony charge is pending, be brought to trial within 270 days after the person's arrest. Further, pursuant to R.C. 2945.71(E), for the purposes of computing time under subsection (C)(2), "each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days."
 {¶ 10} However, this time limit can be tolled, or extended, pursuant to R.C. 2945.72, which states, in relevant part:
 {¶ 11} "The time within which an accused must be brought to trial, * * * may be extended only by the following:
 {¶ 12} "* * * (C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 13} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 14} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 15} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *"
 {¶ 16} Speedy trial statutes are to be strictly construed against the State. State v. Miller (1996), 113 Ohio App.3d 606,681 N.E.2d 970. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by statute governing time within which hearing or trial must be held. Cityof Oregon v. Kohne (1997), 117 Ohio App.3d 179, 690 N.E.2d 66.
 {¶ 17} Appellant was arrested on June 8, 2004, and released from jail on June 9, 2004. The right to a speedy trial time starts to run the day after arrest. R.C. 2945.71. Accordingly, as of June 9, 2004, three days had lapsed from appellant's speedy trial time. Appellant waived his right to a preliminary hearing, and was instructed to appear in the Richland County Court of Common Pleas for arraignment on August 31, 2004.[2] Between June 10, 2004, and August 31, 2004, eighty-three days lapsed. When appellant failed to appear at his arraignment on August 31, 2004, the speedy trial time was tolled at eighty-six days.
 {¶ 18} After appellant was indicted in Case No. 2004-CR-980-A in December, 2004, the State learned he was incarcerated on a drug trafficking conviction from Crawford County. Appellant was served with the Indictment for Case No. 2004-CR-980-A on January 4, 2005. The State acknowledges appellant was conveyed back to the institution without being served with the Indictment in Case No. 2004-CR-542-H. Appellant was served with this Indictment on February 8, 2004. The State concedes appellant's speedy trial time resumed on January 4, 2005. Appellant filed a motion to dismiss on May 13, 2005. Between January 4, 2005, and May 13, 2005, one hundred thirty days lapsed. Once appellant filed his motion, time was again tolled. Although appellant was incarcerated at the time, the three to one provision does not apply as the incarceration was the result of an unrelated charge. We find a total of two hundred sixteen days of appellant's speedy trial time had lapsed at this point. Appellant entered his change of plea on June 2, 2005, well within the statutory timeframe.
 {¶ 19} Appellant asserts the State did not use reasonable diligence in its attempt to locate him; therefore, the speedy trial time was not tolled. We disagree. We do not find any evidence in the record to conclude the delay was the result of the State's lack of diligence.
 {¶ 20} Appellant's sole assignment of error.
 {¶ 21} The judgment of the Richland County Court of Common Pleas is affirmed.
Hoffman, P.J. Farmer, J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Richland County Court of Common Pleas is affirmed. Costs assessed to appellant.
[1] A statement of the underlying facts is not necessary for our disposition of appellant's appeal.
[2] Although our independent review of the record does not indicate a specific date for arraignment, the State set forth August 31, 2004, as such date in its Brief to the Court. As appellant did not challenge the date in a Reply Brief, we shall accept August 31, 2004, as the correct scheduled arraignment date.