OPINION NUNC PRO TUNC
{¶ 1} Defendant-appellant Naaman Harris appeals his conviction entered by the Licking County Municipal Court, on one count of speeding, in violation of R.C. 4511.21(D)(3). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 12, 2006, Trp. Randy Lewis of the Ohio State Highway Patrol was working the air speed zone with Sgt. Steele as the pilot. At approximately 10:00 am, Sgt. Steele advised Trp. Lewis of a vehicle which was exceeding the posted speed. Based upon Sgt. Steele's description, Trp. Lewis motioned for the driver to pull over. The driver was ultimately identified as appellant. The trooper cited appellant for speeding. The citation indicated appellant was to appear in the Licking County Municipal Court on January 18, 2006.
 {¶ 3} On January 13, 2006, appellant requested a continuance of the court date due to a work conflict. The trial court granted the request on January 20, 2006, and scheduled appellant to appear in court on February 1, 2006. Appellant appeared before the trial court on February 1, 2006, and entered a plea of not guilty to the charge. The trial court scheduled the matter for bench trial on February 15, 2006. On February 13, 2006, the State filed a Motion to Continue due to the unavailability of a witness. The trial court granted the State's motion and rescheduled the trial for March 29, 2006. The trial court journalized the continuance on February 28, 2006.
 {¶ 4} On March 10, 2006, appellant filed a Motion to Dismiss based upon speedy trial violations. Via Judgment Entry filed March 14, 2006, the trial court denied appellant's motion. The matter proceeded to bench trial on March 29, 2006, with the trial court finding appellant guilty as charged and entered sentence accordingly.
 {¶ 5} It is from this conviction appellant appeals, raising as his sole assignment of error:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS."
 I {¶ 7} In his sole assignment of error, appellant asserts the trial court erred in denying his motion to dismiss. Appellant maintains the trial court violated his right to a speedy trial by failing to bring his case to trial within the thirty days prescribed by R.C. 2945.71(A). We disagree.
 {¶ 8} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73
prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker, 78 Ohio St.3d 108,110, 1997-Ohio-229, 676 N.E.2d 883.
 {¶ 9} As relevant to the instant action, R.C. 2945.71(A) requires a person, against whom a minor misdemeanor is pending, be brought to trial within 30 days after the person's arrest or service of summons. However, this time limit can be tolled, or extended, pursuant to R.C. 2945.72, which states, in relevant part:
 {¶ 10} "The time within which an accused must be brought to trial, * * * may be extended only by the following:
 {¶ 11} "* * *
 {¶ 12} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 13} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 14} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 15} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *"
 {¶ 16} Speedy trial statutes are to be strictly construed against the State. State v. Miller (1996), 113 Ohio App.3d 606,681 N.E.2d 970. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by the statute governing the time within which a hearing or trial must be held.City of Oregon v. Kohne (1997), 117 Ohio App.3d 179,690 N.E.2d 66.
 {¶ 17} Appellant maintains the State was required to bring him to trial on or before February 24, 2006, which was four days prior to the trial court's entry which granted the State's motion for a continuance. Appellant submits the time should be calculated as follows: 01/13/06 — 01/19/06, seven days; 01/20/06 — 02/01/06, zero days as appellant requested a continuance; 02/02/06 — 02/28/06, twenty-seven days, for a total of thirty-four days. We disagree with appellant's calculations.
 {¶ 18} Appellant was served with his summons on January 12, 2006. The speedy trial time began to run on January 13, 2006. R.C. 2945.71. However, appellant requested a continuance on January 13, 2006, which tolled the running of the time until the new arraignment date of February 1, 2006. From February 1, 2006, until February 12, 2006, twelve days are chargeable to the State. Because the trial court journalized its entry granting the State's motion to continue the trial within the statutory 30 day time limit, the period between February 13, 2006, and the trial date March 29, 2006, are tolled per 2945.72(H). Accordingly, the trial court's February 28, 2006 Entry was timely filed prior to the expiration of the statutory time to bring appellant to trial and was in compliance with State v. Mincy (1982),2 Ohio St.3d 6. We find the trial court did not err in denying appellant's motion to dismiss.
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} The judgment of the Municipal Court of Licking County, Ohio is affirmed.
Hoffman, P.J. Farmer, J. and Edwards, J. concur
 JUDGMENT ENTRY NUNC PRO TUNC
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Municipal Court of Licking County, Ohio is affirmed. Costs assessed to appellant.
 {¶ 1} Defendant-appellant Naaman Harris appeals his conviction entered by the Licking County Municipal Court, on one count of speeding, in violation of R.C. 4511.21(D)(3). Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 12, 2006, Trp. Randy Lewis of the Ohio State Highway Patrol was working the air speed zone with Sgt. Steele as the pilot. At approximately 10:00 am, Sgt. Steele advised Trp. Lewis of a vehicle which was exceeding the posted speed. Based upon Sgt. Steele's description, Trp. Lewis motioned for the driver to pull over. The driver was ultimately identified as appellant. The trooper cited appellant for speeding. The citation indicated appellant was to appear in the Licking County Municipal Court on January 18, 2006.
 {¶ 3} On January 13, 2006, appellant requested a continuance of the court date due to a work conflict. The trial court granted the request on January 20, 2006, and scheduled appellant to appear in court on February 1, 2006. Appellant appeared before the trial court on February 1, 2006, and entered a plea of not guilty to the charge. The trial court scheduled the matter for bench trial on February 15, 2006. On February 13, 2006, the State filed a Motion to Continue due to the unavailability of a witness. The trial court granted the State's motion and rescheduled the trial for March 29, 2006. The trial court journalized the continuance on February 28, 2006.
 {¶ 4} On March 10, 2006, appellant filed a Motion to Dismiss based upon speedy trial violations. Via Judgment Entry filed March 14, 2006, the trial court denied appellant's motion. The matter proceeded to bench trial on March 29, 2006, with the trial court finding appellant guilty as charged and entered sentence accordingly.
 {¶ 5} It is from this conviction appellant appeals, raising as his sole assignment of error:
 {¶ 6} "I. THE TRIAL COURT ERRED WHEN IT DENIED APPELLANT'S MOTION TO DISMISS."
 I {¶ 7} In his sole assignment of error, appellant asserts the trial court erred in denying his motion to dismiss. Appellant maintains the trial court violated his right to a speedy trial by failing to bring his case to trial within the thirty days prescribed by R.C. 2945.71(A). We disagree.
 {¶ 8} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71 through R.C. 2945.73
prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker, 78 Ohio St.3d 108,110, 1997-Ohio-229, 676 N.E.2d 883.
 {¶ 9} As relevant to the instant action, R.C. 2945.71(A) requires a person, against whom a minor misdemeanor is pending, be brought to trial within 30 days after the person's arrest or service of summons. However, this time limit can be tolled, or extended, pursuant to R.C. 2945.72, which states, in relevant part:
 {¶ 10} "The time within which an accused must be brought to trial, * * * may be extended only by the following:
 {¶ 11} "* * *
 {¶ 12} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 13} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 14} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 15} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *"
 {¶ 16} Speedy trial statutes are to be strictly construed against the State. State v. Miller (1996), 113 Ohio App.3d 606,681 N.E.2d 970. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by the statute governing the time within which a hearing or trial must be held.City of Oregon v. Kohne (1997), 117 Ohio App.3d 179,690 N.E.2d 66.
 {¶ 17} Appellant maintains the State was required to bring him to trial on or before February 24, 2006, which was four days prior to the trial court's entry which granted the State's motion for a continuance. Appellant submits the time should be calculated as follows: 01/13/06 — 01/19/06, seven days; 01/20/06 — 02/01/06, zero days as appellant requested a continuance; 02/02/06 — 02/28/06, twenty-seven days, for a total of thirty-four days. We disagree with appellant's calculations.
 {¶ 18} Appellant was served with his summons on January 12, 2006. The speedy trial time began to run on January 13, 2006. R.C. 2945.71. However, appellant requested a continuance on January 13, 2006, which tolled the running of the time until the new arraignment date of February 1, 2006. From February 1, 2006, until February 12, 2006, twelve days are chargeable to the State. Because the trial court journalized its entry granting the State's motion to continue the trial within the statutory 30 day time limit, the period between February 13, 2006, and the trial date March 29, 2006, are tolled per 2945.72(H). Accordingly, the trial court's February 28, 2006 Entry was timely filed prior to the expiration of the statutory time to bring appellant to trial and was in compliance with State v. Mincy (1982),2 Ohio St.3d 6. We find the trial court did not err in denying appellant's motion to dismiss.
 {¶ 19} Appellant's sole assignment of error is overruled.
 {¶ 20} The judgment of the Licking County Court of Common Pleas is affirmed.
Hoffman, P.J. Farmer, J. and Edwards, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Court of Common Pleas is affirmed. Costs assessed to appellant.