OPINION *Page 2 
{¶ 1} Defendant-appellant Harold Bieser appeals his convictions and sentence entered by the Licking County Municipal Court, on one count of operating a motor vehicle while intoxicated, in violation of R.C.4511.191(A)(1); and traveling left of center, in violation of R.C.4511.25, following the trial court's finding him guilty upon acceptance of his no contest plea. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On August 8, 2005, Trp. Pollard of the Ohio State Patrol, Granville Post, cited appellant on the aforementioned charges. The trooper placed appellant under arrest because appellant refused to perform any field sobriety tests. Appellant was transported to the Licking County Jail. Appellant posted bond the following day. The OMVI charge was filed as a felony in Licking County Court of Common Pleas Case No. 05CRA1681. The State dismissed the felony charge on August 29, 2005.
 {¶ 3} On November 2, 2005, the original citation was re-filed, charging appellant with a misdemeanor third offense OMVI. The matter was assigned Licking County Municipal Court Case No. 05TRC12214. Appellant appeared before the trial court for arraignment on November 8, 2005, entered a plea of not guilty to the charges, and filed a time waiver. On January 20, 2006, appellant filed a Motion to Dismiss, alleging his Constitutional and statutory rights to a speedy trial were violated. The State filed a response thereto. Via Judgment Entry filed January 31, 2006, the trial court denied appellant's motion without conducting a hearing. The trial court scheduled the matter for trial on March 6, 2006. Appellant appeared before the trial court on March 3, 2006, *Page 3 
withdrew his pleas of not guilty and entered pleas of no contest to the charges. The trial court found appellant guilty of both charges and proceeded to sentencing. The trial court memorialized appellant's convictions and sentence via Judgment Entry of Conviction filed March 3, 2006. The trial court stayed appellant's sentence pending this appeal.
 {¶ 4} It is from his convictions and sentence appellant appeals, raising as his sole assignment of error:
 {¶ 5} "I. THE TRIAL COURT VIOLATED APPELLANT'S RIGHT TO A SPEEDY TRIAL AS GUARANTEED BY THE SIXTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, SECTION 10, ARTICLE 1 OF THE OHIO CONSTITUTION, AND R.C. 2945.71."
 I {¶ 6} In his sole assignment of error, appellant asserts the trial court erred in denying his motion to dismiss. Appellant maintains the trial court violated his right to a speedy trial as guaranteed by the Ohio and United States Constitutions and R.C. 2945.71. We disagree.
 {¶ 7} The right to a speedy trial is guaranteed by the Sixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C. 2945.71
through R.C. 2945.73 prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker,78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883.
 {¶ 8} As relevant to the instant action, R.C. 2945.71(B)(2) requires a person, against whom a first degree misdemeanor is pending, be brought to trial within 90 days *Page 4 
after the person's arrest or service of summons. However, this time limit can be tolled, or extended pursuant to R.C. 2945.72, which states:
 {¶ 9} "The time within which an accused must be brought to trial, * * * may be extended only by the following:
 {¶ 10} "(A) Any period during which the accused is unavailable for hearing or trial, by reason of other criminal proceedings against him, within or outside the state, by reason of his confinement in another state, or by reason of the pendency of extradition proceedings, provided that the prosecution exercises reasonable diligence to secure his availability;
 {¶ 11} "(B) Any period during which the accused is mentally incompetent to stand trial or during which his mental competence to stand trial is being determined, or any period during which the accused is physically incapable of standing trial;
 {¶ 12} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 13} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 14} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 15} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *"
 {¶ 16} Speedy trial statutes are to be strictly construed against the State. State v. *Page 5 Miller 1996), 113 Ohio App.3d 606, 681 N.E.2d 970. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by the statute governing the time within which a hearing or trial must be held. City of Oregon v. Kohne (1997), 117 Ohio App.3d 179,690 N.E.2d 66.
 {¶ 17} In order to provide a clear analysis, we will examine the relevant time periods separately.[2] The first period is that between appellant's August 8, 2005 arrest on the original felony OMVI charge and the trial court's August 29, 2005 Entry, dismissing the same without prejudice. The parties do not dispute this period is chargeable to the State. We find the State is charged with twenty one days for this time period.[3]
 {¶ 18} We must now analyze the effect of the trial court's August 29, 2005 dismissal entry on the time period between August 30, 2005, and November 8, 2005, the date on which appellant was arraigned on the new citation charging him with a misdemeanor OMVI.[4] Appellant contends the State should be charged with 69 days for this period, for a total of 93 days having lapsed of the 90 days within which the State was required to bring appellant to trial. Appellant concedes, generally, a dismissal would toll speedy trial time until the re-filing and service of the new summons. Appellant *Page 6 
submits, however, because the trial court held his bond during this period, the time was not tolled.
 {¶ 19} In State v. Broughton (1991), 62 Ohio St.3d 253, 258, the Ohio Supreme Court stated "the speedy trial statute shall run against the state only during the time in which an indictment or charge of felony is pending." See, also, State v. DePue (1994), 96 Ohio App.3d 513, 517. Thus, the Broughton Court held:
 {¶ 20} "For purposes of computing how much time has run against the state under R.C. 2945.71 et seq., the time period between the dismissal without prejudice of an original indictment and the filing of a subsequent indictment, premised upon the same facts as alleged in the original indictment, shall not be counted unless the defendant is held in jail or released on bail pursuant to Crim.R. 12(I)."[5] Id. at syllabus para. 1.
 {¶ 21} In State v. Buck (1999), Ross App. No. 98CA2438, unreported, the Fourth District Court of Appeals, relying on Broughton, found the municipal court's failure to explicitly state in its dismissal entry the defendant was released from bail, did not necessarily result in the defendant's bail being continued pursuant to Crim.R. 12(I); therefore, the statutory speedy trial period was tolled. Id. at *6-7.
 {¶ 22} In Buck, the municipal court issued a dismissal entry which, as started supra, did not explicitly release the appellant from his bail obligations. The appellant *Page 7 
argued such failure resulted in his bail being continued pursuant to Crim.R. 12(I), and the speedy trial time continued to run against the State. The Buck Court noted there was no evidence in the record from which it could conclude the municipal court continued the appellant's bail pursuant to Crim R.12(I) after the original dismissal. The Court added it found no rationale existed for the municipal court to continue bail as the underlying case was dismissed in its entirety, and no criminal charges were left pending against the appellant. Id. at *6-7. The Court concluded the dismissal entry tolled the running of the statutory speedy trial period. Id. at *7.
 {¶ 23} Like the Court in Buck, we find no evidence in the record from which we can conclude the trial court continued appellant's bail pursuant to Crim. R.12(I) following the August 29, 2005 dismissal entry. We recognize Broughton and Buck, as well as other cases reviewed by this Court appear distinguishable from the instant action, as it appears the defendants in those cases were on notice of the dismissal of the original charges against them, whereas appellant herein was not provided with either notice of the motion to dismiss not the actual dismissal.[6] Despite the State's failure to serve appellant with the motion to dismiss and the trial court's subsequent failure to serve appellant with the dismissal entry, we, nevertheless, findBroughton controls and further find the speedy trial time was tolled during the period from August 30, 2005, to November 8, 2005. Thus, we find no violation of appellant's right to a speedy trial.
 {¶ 24} Accordingly, we find the trial court did not err in denying appellant's motion *Page 8 
to dismiss.
 {¶ 25} Appellant's sole assignment of error is overruled.
 {¶ 26} The judgment of the Licking County Municipal Court is affirmed.
 By: Hoffman, J. Gwin, P.J. and Delaney, J. concur *Page 9 
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Licking County Municipal Court is affirmed. Costs assessed to appellant.
[1] A Statement of the Facts is not necessary to our disposition of this appeal.
[2] Pursuant to Crim.R. 45(A), when computing these time periods, "the date of the act or event from which the designated period of time begins to run shall not be included. The last day of the period so computed shall be included * * *." (Emphasis added).
[3] The day of arrest is not included when computing the time within which a defendant must be brought to trial. State v. Steiner (1991),71 Ohio App.3d 249.
[4] The date of the service of summons is not included in the time calculation.
[5] Crim. R. (I), now Crim R. (J), provides: "(J) Effect ofdetermination If the court grants a motion to dismiss based on a defect in the institution of the prosecution or in the indictment, information, or complaint, it may also order that the defendant be held in custody or that the defendant's bail be continued for a specified time not exceeding fourteen days, pending the filing of a new indictment, information, or complaint. * * * "
[6] The failure to notify the defendant of the dismissal of the charges against him may warrant further review by the Ohio Supreme Court concerning possible limitation of the law as announced inBroughton. *Page 1