OPINION
{¶ 1} Defendant Sandra Azbell appeals a judgment of the Court of Common Pleas of Richland County, Ohio, which overruled her motion to dismiss the charges against her for failure to comply with Ohio's speedy trial, and found her guilty on her no-contest plea. Appellant assigns a single error to the trial court:
 {¶ 2} "I. THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE BY REFUSING TO DISCHARGE HER FOR FAILURE TO GIVE HER A SPEEDY TRIAL."
 {¶ 3} The record indicates appellant was arrested at a store pharmacy for deception to obtain drugs. The trial court conducted a hearing on appellant's motion to dismiss and made findings of fact and conclusions of law in its judgment entry of January 26, 2005. The trial court found appellant was arrested, booked, and printed on May 30, 2003, by the Ontario Police Department. No charges were filed at that time, and appellant was indicted in January, 2004. Appellant was arrested again on April 16, 2004, and served with her indictment.
 {¶ 4} Deception to obtain drugs is a fifth degree felony. R.C. 2945.71
states in pertinent part:
 {¶ 5} "(C) A person against whom a charge of felony is pending: * * * (2) Shall be brought to trial within two hundred seventy days after the person's arrest."
 {¶ 6} Failure to comply with the provisions of the speedy trial statute results in dismissal of the charges, see R.C. 2945.73.
 {¶ 7} The issue in this case is when to begin counting the days the charge is pending for speedy trial purposes. There is a split of opinion amongst the courts of appeals, and the Supreme Court has not ruled on this specific issue. However, in State v. Broughton (1991),62 Ohio St. 3d 253, 581 N.E. 2d 541, the Ohio Supreme Court held where the original indictment is dismissed and subsequently a second indictment premised on the same underlying facts is brought, the time between the original arrest and the dismissal of the indictment must be counted against the state for computing speedy trial time, for the second indictment and arrest. The time is tolled between the dismissal of the first indictment and the issuance of the second, Broughton at 258, citations deleted.
 {¶ 8} The trial court cited State v. Hunter (August 2, 1996), Montgomery Appellate No. 15436, which held in situations like the case at bar, where an accused is arrested, released, later indicted, and then re-arrested, the speedy trial count begins at the time of the second arrest.
 {¶ 9} In State v. Tolliver (December 30, 1986), Licking Appellate No. CA-3216, this court reviewed a situation where the accused was arrested on a warrant for trafficking in marijuana on October 2, 1985. He was searched incident to the arrest on the warrant, and officers found marijuana and drug paraphernalia. Appellant was indicted on the possession charge on July 1, 1985, but the indictment was dismissed on November 15, 1985. On March 20, 1986, a complaint was filed in the Licking County Municipal Court alleging on October 2, 1985, the appellant had knowingly possessed marijuana. This court found even though the appellant was arrested on a different charge, the search and seizure of the marijuana on October 2, 1985, constituted an arrest on the minor misdemeanor, and triggered the running of the speedy trial time.
 {¶ 10} If a statute is clear and unambiguous, it must be applied as written and no further interpretation is necessary, State v. Jordan,89 Ohio St.3d 488, 2000-Ohio-225, 733 N.E.2d 601.
 {¶ 11} We find the statute unambiguously identifies the date of arrest as the triggering date. Upon consideration, we adhere to our opinion inTolliver, supra, and find, pursuant to the speedy trial statute, the triggering date is the date of arrest, and the time runs until the matter is formally dismissed, as in Broughton, supra or otherwise terminated.
 {¶ 12} The assignment of error is sustained.
 {¶ 13} For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is reversed, and final judgment of dismissal is hereby entered pursuant to App. R. 12.
Gwin, J., and Boggins, P.J., concur.
Farmer, J., dissents.