OPINION
{¶ 1} Defendant-appellant David Zeger appeals his conviction from the Mansfield Municipal Court on one count of violating a temporary protection order. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On January 16, 2002, a complaint was filed in the Mansfield Municipal Court alleging that appellant had violated a temporary protection order in violation of R.C. 2919.27, a misdemeanor of the first degree. At his arraignment the next day, appellant entered a plea of not guilty to the charge and appellant was released on bond. On February 14, 2002, appellant filed a request for a jury demand.
 {¶ 3} Thereafter, on March 18, 2002, Attorney Badnell, appellant's counsel, signed a "Waiver of Speedy Trial" waiving the speedy trial provisions of R.C. 2945.71. Such waiver, however, although in the court file, was never filed with the trial court.
 {¶ 4} A jury trial was scheduled for March 25, 2002. As memorialized in a Judgment Entry filed on March 26, 2002, the prosecution's motion for a continuance of the trial was granted and the trial was continued to June 24, 2002. The Judgment Entry indicated that the Law Director needed "further time to pretrial as Defendant has new case and two attorneys."
 {¶ 5} The trial was subsequently rescheduled to October 28, 2002. Pursuant to a Judgment Entry filed on October 29, 2002, the trial was rescheduled to January 27, 2003, on joint motion of the parties due to the unavailability of material witnesses.
 {¶ 6} Subsequently, Attorney Badnell, on December 5, 2002, filed a Motion to Withdraw as counsel of record for appellant. Such motion was granted the same day.
 {¶ 7} Thereafter, as memorialized by a Judgment Entry filed on January 22, 2003, the trial was continued to February 24, 2003, due to the unavailability of the judge.
 {¶ 8} Subsequently, on February 24, 2003, the trial was once again continued to May 19, 2003, on joint motion of the parties since "further investigation was required." On February 26, 2003, Attorney Cockley, appellant's new court-appointed counsel, filed a demand for a speedy trial pursuant to R.C. 2945.71 indicating that "[d]efendant or his Counsel may have previously filed a Time Waiver in this matter. Defendant hereby withdraws said Time Waiver." As memorialized in a Judgment Entry filed on February 28, 2003, the trial court stated, in relevant part, as follows:
 {¶ 9} "This herein matter came on for consideration this 27th day of Feb., 2003. The Court finds that the defendant has filed a jury demand. The herein matter is hereby continued from the scheduled 5-19 Jury Trial, for just cause shown
 {¶ 10} "IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the herein matter is continued and set for jury trial this 24th day of Mar., 2003."
 {¶ 11} Upon joint motion of the parties, the trial, pursuant to a Judgment Entry filed on March 25, 2003, was reset to May 19, 2003, since "Jury was set for May then changed to March, late notice."
 {¶ 12} On May 19, 2003, the parties appeared before the trial court and the prosecution requested a continuance of the trial date since the "parties [are] attempting to negotiate a settlement." For such reason, the trial was rescheduled to June 23, 2003.
 {¶ 13} A Motion to Dismiss on speedy trial grounds was filed by appellant on June 19, 2003. Such motion was denied by the trial court. The matter was scheduled for a jury trial on August 25, 2003. However, pursuant to Judgment Entry filed on September 19, 2003, the trial was continued to an unspecified date. The trial court, in its entry, stated that the "continuance is reasonable and therefore speedy trial time requirements are extended from this day until the next scheduled jury date."
 {¶ 14} Following a jury trial on October 29, 2003, appellant was found guilty of violating a temporary protection order and was sentenced to six months in jail and fined $500.00. Appellant also was ordered to pay court costs.
 {¶ 15} Appellant now raises the following assignments of error on appeal:
 {¶ 16} "I. THE TRIAL COURT COMMITTED PLAIN ERROR BY FINDING DEFENDANT/APPELLANT GUILTY OF VIOLATING A TEMPORARY PROTECTION ORDER AND NOT GRANTING MOTION TO DISMISS.
 {¶ 17} "II. THE TRIAL COURT COMMITTED PLAIN ERROR BY ENGAGING IN IMPROPER CRIMINAL PROCEDURE."
 {¶ 18} "III. THE TRIAL COURT COMMITTED PLAIN ERROR BY ENGAGING IN IMPROPER JUDICIAL CONDUCT."
 {¶ 19} "IV. THE DEFENDANT/APPELLANT WAS DEPRIVED OF HIS RIGHT TO EFFECTIVE COUNSEL."
 I {¶ 20} Appellant, in his first assignment of error, argues, in part, that the trial court erred in denying his Motion to Dismiss on speedy trial grounds. We agree.
 {¶ 21} The right to a speedy trial is guaranteed by the Sixth
Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C.2945.71 through R.C. 2945.73 prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker,78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883.
 {¶ 22} An accused, such as appellant, charged with a first degree misdemeanor must be tried within ninety (90) days of his arrest or service of summons. R.C. 2945.71(B)(2). Each day the defendant is held in jail in lieu of bond, except for the first day, counts for three days for speedy trial purposes. See R.C. 2945.71(E). Once a defendant establishes a prima facie case of a violation of his right to a speedy trial, the burden then shifts to the State to demonstrate the statutory limit was not exceeded by establishing the time was properly extended pursuant to R.C.2945.72. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368.
 {¶ 23} According to R.C. 2945.72(H), a trial court may sua sponte extend the time within which a defendant must be brought to trial, if the court enters an order of continuance by journal entry prior to the expiration of the time limit prescribed by R.C. 2945.71, and sets forth the reason for the continuance. State v. Mincy (1982), 2 Ohio St.3d 6,441 N.E.2d 571, syllabus; State v. King, 70 Ohio St.3d 158, 162,1994-Ohio-412, 637 N.E.2d 903. Since a defendant's right to a speedy trial is guaranteed by statute and by the Sixth and Fourteenth Amendments to the United States Constitution, extensions of speedy trial time are to be strictly construed against the State. State v. Singer (1977),50 Ohio St.2d 103, 362 N.E.2d 1216. Revised Code 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C.2945.71 and 2945.72, the accused shall be discharged.
 {¶ 24} The law in Ohio is that speedy trial time starts to run the day after arrest. R.C. 2945.71. However, we toll "any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused." R.C. 2945.72(E).
 {¶ 25} In the case sub judice, appellant was arrested on January 16, 2002, but was not tried until October 29, 2003, over a year and a half later. Appellee, in its brief, argues that appellant's speedy trial rights were not violated since, on March 18, 2002, appellant's first appointed counsel executed a Waiver of Speedy Trial Rights and "[t]his waiver remained in effect until Appellant's second appointed counsel withdrew it on February 26, 2003." Appellee contends that, following the February 26, 2003, withdrawal, there were a number of continuances of the trial date, all of which fell under exceptions contained in R.C. 2945.72
which serve to toll the speedy trial time limits.
 {¶ 26} However, the "Waiver of Speedy Trial", although signed by appellant's then appointed counsel on March 18, 2002, was never filed with the Clerk of Courts and is, therefore, not part of the record.[1] SeeState v. King, 70 Ohio St.3d 158, 161, 637 N.E.2d 903, 1994-Ohio-412, andState v. Tate, Mahoning App. No. 03 MA 97, 2004-Ohio-5358, (stating a valid waiver of speedy trial rights is either a filed written waiver or an oral waiver on the record in open court). In short, there is no valid written waiver of speedy trial time limits in the record. Thus, contrary to appellee's assertion, there was no speedy trial waiver in effect from March 18, 2002, to February 26, 2003, and such time was not tolled.
 {¶ 27} Based on the foregoing, we find that appellant's speedy trial rights were violated since appellant clearly was not brought to trial within ninety days of his arrest. Since appellant was arrested on January 16, 2002, he should have been tried in approximately mid-April of 2002.
 {¶ 28} Appellant's first assignment of error is, therefore, sustained.
 II, III, IV {¶ 29} Based on our disposition of appellant's first assignment of error, appellant's remaining assignments of error are moot.
 {¶ 30} Accordingly, the judgment of the Mansfield Municipal Court is reversed, and this Court enters judgment for appellant.
Edwards, J. Gwin, P.J. and Wise, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Mansfield Municipal Court is reversed and judgment is entered for appellant. Costs assessed to appellee.
[1] The speedy time waiver does not appear on the docket transcript.