OPINION
{¶ 1} Defendant-appellant John D. Allen appeals his conviction and sentenced entered October 20, 2005, in the Muskingum County Court.
 {¶ 2} Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE AND FACTS {¶ 3} On January 18, 2005, Appellant John Dale Allen (aka Dale Allen Oates) was stopped by a State Highway Patrol Trooper. Appellant was cited for a broken headlight, open container, driving without and operator's license and falsification. He was also arrested for OMVI.
 {¶ 4} On January 19, 2005, Appellant was arraigned and entered pleas of not guilty to the charges. He was also released from jail on bond on this day.
 {¶ 5}
 {¶ 6} On October 13, 2005, the OMVI and Falsification charges were tried before a jury resulting in verdicts of "guilty". Appellant chose to represent himself at trial.
 {¶ 7} On October 20, 2005, under Case No. TRC 0500283, the trial court sentenced appellant to 180 days in jail and a $1,000.00 fine on the OMVI charge, 90 days in jail and a $100.00 fine on the No Operator's License charge, and a $25.00 fine on the broken headlight charge. Appellant was also sentenced to a one year license suspension.
 {¶ 8} In Case No. CRB 0500062, a fine of $10.00 was imposed on the open container charge.
 {¶ 9} In Case No. 0500302, on the Falsification charge, Appellant was sentenced to pay court costs and ordered to have no criminal convictions or first degree misdemeanor offenses for 60 months or the sanction of a $1,000.00 fine and 180 days in jail would be imposed.
 {¶ 10} It is from these convictions and sentences appellant now appeals, raising the following assignments of error:
 ASSIGNMENTS OF ERROR {¶ 11} "I. THE LOWER COURT LACKED JURISDICTION AS THE SPEED TRIAL STATUTE OF LIMITATIONS EXPIRED."
 {¶ 12} "II. THE LOWER COURT DENIED APPELLANT HIS REQUESTED BILL OF PARTICULARS AND MEANINGFUL CROSS-EXAMINATION OF THE WITNESSES AGAINST APPELLANT.
 {¶ 13} "III. THE LOWER COURT TAMPERED WITH THE JURY."
 I. {¶ 14} In his first assignment of error, appellant argues that his speedy trial rights were violated. We disagree.
 {¶ 15} Appellant, in his brief, states that the State's time to bring him trial expired at the latest on August 16, 2005. Appellant, however, offers nothing further in support of such statement. His entire argument with regard to this assignment of error, consists of the following statements:
 {¶ 16} "Again, assuming that jurisdiction was established, it was lost when the 90-day speedy trial statute of limitations expired. Appellant was arrested on January 18, 2005 and was brought to trial on October 13, 2005, nine months after the arrest. Even subtracting the time for Appellant's continuances, at the best-case scenario for the State, the speedy trial statute expired on August 16, 2005, although Appellant contends that it expired sooner than that. This very Court, the Fifth District Court of Appeals, has recently reversed convictions involving speedy trial violations. See, State of Ohio v. Dean Dillon,
2005 Ohio 5938, State of Ohio v. David S. Zeger,
2005 Ohio 4717; and State of Ohio v. Sandra Azbell, 2005 Ohio 4405. This reason alone warrants reversal with instructions to dismiss the cases and expunge the record." (Appellant's brief at 3).
 {¶ 17} R.C. § 2945.71 provides, in pertinent part:
 {¶ 18} "(B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
 {¶ 19} "* * *
 {¶ 20} "(2) Within ninety days after his arrest or the service of summons, if the offense charged is a misdemeanor of the first or second degree . . .
 {¶ 21} R.C. § 2945.71(B) is subject, however, to the tolling provisions of R.C. § 2945.72, which provides, in pertinent part:
 {¶ 22} "The time within which an accused must be brought to trial, . . . may be extended only by the following:
 {¶ 23} "* * *
 {¶ 24} "(C) Any period of delay necessitated by the accused's lack of counsel, provided that such delay is not occasioned by any lack of diligence in providing counsel to an indigent accused upon his request as required by law;
 {¶ 25} "(D) Any period of delay occasioned by the neglect or improper act of the accused;
 {¶ 26} "(E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused;
 {¶ 27} "(H) The period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion . . ."
 {¶ 28} Speedy trial statutes are to be strictly construed against the State. State v. Miller (1996), 113 Ohio App.3d 606,681 N.E.2d 970. In reviewing a speedy trial claim, an appellate court must count days chargeable to either side and determine whether the case was tried within time limits set by statute governing time within which hearing or trial must be held. Cityof Oregon v. Kohne (1997), 117 Ohio App.3d 179, 690 N.E.2d 66.
 {¶ 29} As stated above, R.C. § 2945.71 requires that appellant be brought to trial within 90 days of his arrest.
 {¶ 30} Upon review of the docket, we find the timeline to be as follows:
 {¶ 31} 01/18/2004: Appellant was arrested.
 {¶ 32} 01/19/2004: Appellant was arraigned and posted bond.
 {¶ 33} The law in Ohio is that the right to a speedy trial time starts to run the day after arrest. R.C. 2945.71. As Appellant spent one day in jail, three days are charged against the 90 day speedy trial limit.
 {¶ 34} A trial date of 2/7/2005 is set.
 {¶ 35} 01/24/2005 Appellant files Motion to Disqualify Judge (motion denied that same day).
 {¶ 36} 01/28/2005: Appellant filed a "Demand for Return of Property" and a "Motion to Extend Trial Date" to a "more convenient date in May." The trial court granted said motion to extend trial date to 3/16/2005 and for hearing on 2/24/2005.
 {¶ 37} Only 11 days have run between the date of Appellant's arrest and the date of the filing of the motion for continuance. The continuance request was filed by the Appellant so no time runs against the State up to the 03/16/2005 date.
 {¶ 38} 02/23/2005: Appellant, through counsel filed a Request for Discovery and a Request for a Bill of Particulars.
 {¶ 39} "A demand for discovery or a bill of particulars is a tolling event pursuant to R.C. 2945.72(E)". State v. Brown,98 Ohio St.3d 121, 2002-Ohio-7040, 781 N.E.2d 159 at syllabus."
 {¶ 40} 02/24/2005: Appellant filed a Motion to Suppress which is set for hearing on 3/3/2005.
 {¶ 41} 03/03/2005: Appellant's motion to Suppress is withdrawn.
 {¶ 42} 03/25/2005: A new trial date is assigned for 04/28/2005. This is apparently done by the Court sua sponte. No reason is given for the continuance.
 {¶ 43} 04/20/2005: Appellant's defense counsel requested a continuance. The continuance is granted and the case is set for a pre-trial on 05/04/2005, with the new trial date being 06/02/2005.
 {¶ 44} If we count the time from 03/16/2006 (the trial date before the continuance) to 04/20/2005 (appellant's request for a continuance), we find that 35 days have run. Adding that to the 11 previous days, we find that 46 days have run at this point.
 {¶ 45} The continuance request was filed by the Appellant so no time runs against the State from 04/20/2005 to the 06/02/2005 date.
 {¶ 46} 05/13/2005: Appellant filed a pro-se Demand for Specific Bill of Particulars.
 {¶ 47} 05/17/2005: Appellant's defense counsel requested a continuance of the 06/02/2005 trial date. The trial court granted said motion and set a new trial date for 07/07/2005.
 {¶ 48} Again, a request for continuance filed by Appellant means no charge against the State's time up to the 07/07/2005 date.
 {¶ 49} 06/17/2005: Appellant's defense counsel filed a Motion in Limine.
 {¶ 50} 06/30/2005: State of Ohio filed a Bill of Particulars. The State also requested a continuance of the 07/07/2005 trial date.
 {¶ 51} 07/05/2005: Appellant filed an Affidavit of Notice of Default and a Notice to Court and parties that the Appellant's cases are "hereby stayed and dismissed until further notice."
 {¶ 52} On the same date, the trial court granted the State's request for continuance and sets a new trial date for 07/21/2005.
 {¶ 53} Continuances granted on the State's motion will toll the running of speedy trial time if the continuance is reasonable and necessary under the circumstances of the case. State v.Saffell (1988), 35 Ohio St.3d 90, 91, 518 N.E.2d 934. The record must affirmatively demonstrate the continuance was reasonable and necessary. Id. A continuance must be journalized before the expiration of the time limits specified in R.C. 2945.71. Statev. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571, syllabus. The reasonableness of a continuance is determined by examining the purpose and length of the continuance as specified in the record.State v. Lee (1976), 48 Ohio St.2d 208, 210, 357 N.E.2d 1095. "[I]t is difficult, if not unwise, to establish a per se rule of what constitutes "reasonableness" beyond the ninety-day structure of R.C. 2945.71." Saffell, supra. "Invariably, resolution of such a question depends on the particular facts and circumstances of a particular case." Id.
 {¶ 54} The State's motion for continuance was based on the fact that it had another case which needed to be scheduled for trial on 07/07/2005. We do not find said motion to be unreasonable. Furthermore, the continuance only moved the trial out two weeks which we do not find to be unreasonable delay. Therefore, the time tolled during this time period.
 {¶ 55} 07/07/2005: Appellant made and oral motion for the trial court judge to recuse himself because said judge is listed as witness for a second falsification charge.
 {¶ 56} 07/08/2005: the trial court granted said motion, causing said case to be continued for purposes of transferring to another Judge. Trial was rescheduled for 09/08/2005.
 {¶ 57} Once again due to a motion of the Appellant, the case had to be continued thus no time is charged against the State up to 09/08/2005.
 {¶ 58} 07/27/2005: defense counsel filed a Motion to Withdraw as counsel at Appellant's request.
 {¶ 59} 07/28/2005: the trial court granted said Motion to Withdraw.
 {¶ 60} 08/19/2005: the State of Ohio provided discovery to Appellant.
 {¶ 61} 08/30/2005: Appellant filed an "Affidavit of Notice of Default".
 {¶ 62} 09/08/2005: Appellant failed to appear for trial and a warrant was issued for his arrest.
 {¶ 63} Any time accumulated at this point is not counted against the State because any delay in bringing the Appellant to trial has been brought about by the Appellant's own actions in failing to appear.
 {¶ 64} 09/21/2005: Appellant was apprehended on the warrant and the case was immediately set for a 10/13/2005 trial.
 {¶ 65} 10/07/2005: Appellant filed a Motion to Dismiss.
 {¶ 66} We find that an additional 15 days ran from 09/21/2005 to 10/07/2005. When this is added to the previous 46 days, the total at this time is 61 days.
 {¶ 67} 10/11/2005: the trial court denied Appellant's Motion.
 {¶ 68} Time runs until 10/13/2005, the date of trial. Adding these 2 days to the 61 days results in a charge against the State of 63 days.
 {¶ 69} 10/13/2005: a jury trial was held resulting in a guilty verdict.
 {¶ 70} At most, we find that 63 days ran against the 90 days allowed pursuant to the speedy trial statute.
 {¶ 71} Based on the foregoing, we conclude the State brought appellant to trial within the statutory time.
 {¶ 72} Appellant's first assignment of error is overruled.
 II. {¶ 73} In his second assignment of error, appellant argues that trial court erred in denying him a bill of particulars as well as meaningful cross-examination of the witnesses at trial. We disagree.
 {¶ 74} Upon review of the record, this Court finds that Appellant was furnished with a copy of the Bill of Particulars in his case on June 30, 2005.
 {¶ 75} With regard to Appellant's argument that he was denied meaningful cross-examination, which the State denies, this Court finds that Appellant has failed to file a transcript of the lower court proceedings. An appellant is required to provide a transcript for appellate review. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199, 400 N.E.2d 384, 385. Such is necessary because an appellant shoulders the burden of demonstrating error by reference to matters within the record. "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm." Id.
 {¶ 76} Thus, the trial transcript is also necessary for a thorough review of the appellant's contentions. As appellant has failed to provide this court with a transcript, we must presume regularity of the proceedings below.
 {¶ 77} Appellant's second assignment of error is overruled.
 III. {¶ 78} In his third and final assignment of error, Appellant alleges that the trial court tampered with the jury. We disagree.
 {¶ 79} Appellant's argument with regard to this assignment of error is as follows:
 {¶ 80} "Again, assuming for argument's sake that jurisdiction had been properly established, Appellant was denied a trial by jury of his peers. Four of the eight jurors either worked for the government, were married to a policeman or had children who were policemen. By denying Appellant's attempts to strike these jurors, the lower court essentially tampered with the jury and gave the jury a directed verdict in favor of the Appellees which the lower court is not allowed to do. This reason alone warrants reversal with instruction to dismiss this case and expunge the record." (Appellant's brief at 3).
 {¶ 81} Again, Appellant has failed to provide this Court with a transcript of the voir dire process or the trial proceedings.
 {¶ 82} As stated above, "[w]hen portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to the assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm."Knapp, supra.
 {¶ 83} Appellant's third assignment of error is overruled.
 {¶ 84} For the foregoing reasons, the judgment of the Muskingum County Court is hereby affirmed.
Boggins, J. Farmer, P.J. and Wise, J., concur.
 JUDGMENT ENTRY
For the reason stated in our accompanying Memorandum-Opinion, the judgment of the Muskingum County Court is affirmed. Costs assessed to appellant.